## SUPREME COURT.

### JOHN F. CONOR agt. FRANK P. HILTON.

*Code of Civil Procedure, section* 3223 — *Construction of this section* — *Justices' court of the city of Albany* — *Its territorial jurisdiction confined to the city.*

Section 3223 of the Code of Civil Procedure "embraces the entire subject of jurisdiction as regards that court, and was plainly intended so to do. Not purporting to amend any former or existing laws in that particular, they are repealed by necessary implication."

Under its provisions in relation to the "justices' court of the city of Albany," * * * providing that it shall have jurisdiction "*within the city* where the court is located," the jurisdiction thereof is restricted to the city limits.

Accordingly *held*, that said court had no power to send process into adjoining towns for service, and that it acquired no jurisdiction by the service of a summons *outside* of the city (*Geraty* agt. *Reid*, 78 *N. Y.*, 64, *followed*).

*Third Department, General Term, November*, 1883.

*Before* LEARNED, *P. J.*, BOARDMAN *and* BOCKES, *JJ.*

Conor agt. Hilton.

APPEAL from judgment of Albany county court affirming a judgment of the "justices' court of the city of Albany."

The summons and complaint in the action were served upon the defendant in the city of Cohoes. The defendant appeared and objected to the jurisdiction, on the ground that the summons was not served in or "*within the city of Albany.*" The court overruled the objection and gave judgment for the plaintiff.

*John T. Cook,* for appellant.

*Frederick E. Wadhams,* for respondent.

BOCKES, J. — This is an appeal from the judgment of the Albany county court affirming a judgment rendered by the justices' court of the city of Albany.

The objection urged by the appellant is that the city court was without jurisdiction, inasmuch as the summons issued in the action, although served on the defendant in the county of Albany, was not served on him within the city limits.

The power of the legislature, under the constitution, to declare the jurisdiction of inferior and local courts, is beyond question. The legislature has prescribed the jurisdiction of the justices' court of the city of Albany, that being an inferior local court.

Section 3223 of the Code of Civil Procedure provides that the court shall have jurisdiction " within the city " of actions of which a justice of the peace has jurisdiction, as prescribed in certain sections, conferring jurisdiction upon that officer. This section embraces the entire subject of jurisdiction as regards the city court. It does not purport to amend any former or existing law in that particular.

It was held in *Hickman* agt. *Pinkney* (81 *N. Y.*, 211) that " when a latter statute, not purporting to amend a former one upon the same subject, covers the whole subject, and was plainly intended to furnish the whole law thereon, the former statute will be held to be repealed by necessary implication."

The jurisdiction of the city court must consequently be determined on due construction of the section (3223) of the Code of Civil Procedure above cited.

That section provides that the city court shall have jurisdiction " within the city where the court is located," and the point urged is, that jurisdiction even to the service of the summons by which the action shall be commenced is confined to the city limits by the words above quoted.

· On the other hand, it is insisted that those words are not to be construed in limitation of the territorial jurisdiction of the court save as to the place of trial — the place of holding the court. In other words, that the limitation is the same and no other than such as by law applies to justices' courts in the several counties of the state. ⁄ This precise question was considered and decided in *Geraty* agt. *Read* (78 *N. Y.*, 64). The question there, as stated by chief judge Church, was whether the justices' court of Brooklyn could have its process served outside of the city, it being claimed the justices of the city had the same authority as justices of the peace elected in towns to send process into an adjoining town. In that case the law declared that the district justices should "have the same jurisdiction in said city that justices of towns have by law in respect to the towns for which they had been elected," and that they should "be deemed justices of the peace of the county of Kings." Effect was given to the words "in said city," and it was held that they operated to limit the jurisdiction of the court to the city, even to the service of the process by which actions were commenced in that court.

Such court was held to be an inferior local court, and judge Church says "the jurisdiction of a local court must be exercised within the locality and its process cannot be executed outside of it."

Now, in the case in hand, the city court was given jurisdiction "within the city" of Albany. It is an inferior local court, having jurisdiction "within the city." According to the decision in the case cited its process could not be executed

outside of it. The summons was not, therefore, well served outside the limits of the city of Albany. It follows that the judgment appealed from must be reversed.

Judgment of the county court and of the city court reversed, with costs.

LEARNED, P. J., and BOARDMAN, J., concur.