EMMONS M. PARKHURST, Respondent, *v.* THE ROCHES-
TER LASTING MACHINE COMPANY, Appellant.

*Jurisdiction — where it is expressly withheld by statute it cannot be conferred by the
defendant in any manner — an action in a County Court against a foreign cor-
poration — objection taken in the first instance upon an appeal.*

The complaint of Emmons M. Parkhurst, in an action for services brought in a
County Court, alleged, and the answer of the Rochester Lasting Machine Com-
pany, the defendant, admitted, that the latter was a foreign corporation, having
a branch office in Rochester, N. Y.

Upon an appeal from a judgment in favor of the plaintiff, the objection was taken
for the first time that a County Court had no jurisdiction in an action against
a foreign corporation, such jurisdiction being expressly denied it.

*Held,* that the objection was valid and could be taken in the first instance upon
the appeal.

That where there was jurisdiction of the subject matter the defendant might, by
an appearance, give jurisdiction of the person, but that where a court was denied
jurisdiction of the action by statute there was no manner in which a defendant
could confer it.

Appeal by the defendant, the Rochester Lasting Machine Com-
pany, from a judgment of the Monroe County Court, entered, after
a trial before a referee, in the clerk's office of Monroe county on
the 15th day of January, 1892, in favor of the plaintiff for $1,000
and costs.

The complaint in this action alleged : "That the defendant during
such times was, and now is, a foreign corporation, organized by and
under the laws of the State of Minnesota, and has a branch and its
principal place of business at Rochester, N. Y., in said county."

The answer admitted : "That the plaintiff is, and at all the times
mentioned in said complaint was, a resident of the county of Monroe,
and that the defendant during such times was, and now is, a foreign
corporation, organized by and under the laws of the State of Minne-
sota, and has a branch office for the transaction of business at
Rochester, Monroe county, New York."

*E. Van Voorhis,* for the appellant.

*Irving Paine,* for the respondent.

Dwight, P. J.:

The objection to the jurisdiction of the County Court in an action against a foreign corporation, though taken for the first time on this appeal, must be fatal to the judgment.

That the County Court has, by the statute which defines its powers, no jurisdiction of such actions is conceded; it is contended that in this case it obtained jurisdiction by the consent of the defendant, which appeared generally, and answered to the merits. The position is untenable. Consent may give jurisdiction of the person, but not of the subject-matter nor of the action. The question in this case was not of jurisdiction of the person, but of the limitation of the power of the court. The court had no jurisdiction of the action, because it is denied jurisdiction of *any* action against a foreign corporation.

In *Burckle* v. *Eckhart* (3 N. Y., 133), Gardner, J., says at page 137: "The jurisdiction of courts is conferred by law, and in no case by consent of parties. When jurisdiction of the subject and of the person is required as a prerequisite to judicial action, a defendant may waive any irregularities in the mode by which his person is sought to be subjected to the jurisdiction of the court by a voluntary appearance. He may dispense with the service of process as he may waive any other personal privilege; but when the defendant is in court as a party, the *law* gives jurisdiction of the person without regard to the question whether his appearance was voluntary or by compulsion. This is all that is meant by consent giving jurisdiction of the person. * * * The residence of a defendant within the limits of the circuit * * * is a jurisdictional fact which must exist before the court can act at all, either by issuing process or accepting the appearance of the defendant. It is necessary to give jurisdiction of the cause, not of the person. In such cases there can be no waiver." (See, also, *Heenan* v. *N. Y., W. S. and B. Ry. Co.*, 34 Hun, 602; *Davidsburgh* v. *Knickerbocker Life Ins. Co.*, 90 N. Y., 526.) In the latter case Danforth, J., says: "There, are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision; but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants."

Still more must it be impossible for litigants to dispense with the rule which prohibits the court to act at all in a given case. The cases cited by counsel for the plaintiff were actions in the Supreme Court, whose jurisdiction of the action was unquestioned, and consent gave jurisdiction of the particular defendant.

The County Court has no jurisdiction of the cause of action in this case, because it has no jurisdiction of any cause of action in any case against a foreign corporation.

The objection which, in this case, appears on the face of the complaint is fatal not only to the judgment appealed from, but to the action.

The judgment must be reversed and the complaint dismissed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of County Court of Monroe county appealed from reversed and the complaint dismissed, with costs.