CHARLES WACHTEL, Respondent, *v.* DIAMOND STATE ENGINEERING CORPORATION, Appellant.

Second Department, December 18, 1925.

Corporations — foreign corporation — action by resident against foreign corporation doing business here — County Court does not have jurisdiction — Civil Practice Act, § 67, subd. 3, and § 68, construed — failure of defendant to appear does not confer jurisdiction — lack of jurisdiction cannot be waived when court cannot in any case entertain jurisdiction.

A County Court does not have jurisdiction of a foreign corporation doing business in this State, for it is a court of limited jurisdiction, and, under the statute (Civ. Prac. Act, § 67, subd. 3, and § 68), its jurisdiction is limited to residents of the county and to domestic corporations or joint stock companies whose principal place of business or any part of its plant or plants, shops, factories or offices is actually located within the county and in no case does it have jurisdiction of a foreign corporation doing business here, although its principal place of business and its plant may be located within the county.

The fact that the defendant did not appear and that a judgment was taken by default against it, does not estop it from moving to set aside the judgment, for its failure to appear does not confer jurisdiction inasmuch as lack of jurisdiction cannot be waived in a case where the court cannot under any circumstances acquire jurisdiction.

APPEAL by the defendant, Diamond State Engineering Corporation, from an order of the County Court of the county of Nassau, entered in the office of the clerk of said county on the 14th day of May, 1925, denying its motion to set aside a judgment in favor of the plaintiff.

*Lincoln B. Haskin,* for the appellant.

*Harold L. Haskin,* for the respondent.

Kelby, J. The plaintiff brought an action against the defendant, a foreign corporation, in the County Court of Nassau county, to recover for work, labor and services alleged to have been performed at the request of defendant and in its behalf, and for the rental value of certain machinery. The complaint alleged that defendant was " a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware, having its main office and principal place of business at New Hyde Park, Nassau County, N. Y." The defendant did not answer, and on April 23, 1925, a judgment for $600.97 was entered against it by default. An execution was issued to the sheriff of Nassau county, who levied against personal property belonging to defendant and advertised its sale. The defendant, upon affidavits averring that the County Court had no jurisdiction over a foreign corporation, obtained an order requiring plaintiff to show cause why an order setting aside the judgment should not be granted. The order to show cause stayed, in the meantime, all proceedings on the part of the sheriff in connection with the execution then in his hands. On May twelfth the question came up before County Judge Smith, who denied the motion; and from the order entered the defendant is here on appeal. The question presented is whether a County Court has jurisdiction over a foreign corporation.

The County Court being a court of limited jurisdiction, the complaint must contain averments of the necessary jurisdictional facts. (*Curran* v. *Arp, No. 1,* 141 App. Div. 38; *Gilbert* v. *York,* 111 N. Y. 544.) The facts relied on to confer jurisdiction in this case are that the demand in the complaint is for a sum of money not exceeding $2,000, and that the defendant, at the time of the commencement of the action, was " a foreign corporation * *· * having its main office and principal place of business " in Nassau county.

By section 67, subdivision 3, of the Civil Practice Act it is provided that the jurisdiction of a County Court extends " to an action * * * where the defendant is, or if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county."

The word " resident," occurring in the Constitution or in a statute, ordinarily means an individual or citizen, and does not mean a corporation. (*People* v. *Schoonmaker,* 63 Barb. 44, 51.) It was probably with this in mind that the Legislature, by section 68 of the Civil Practice Act, extended the term " resident " to a domestic corporation or joint stock association. That section reads: " When domestic corporation or joint stock company deemed resident for determining jurisdiction of County Court. For the purpose of determining the jurisdiction of a County Court in either of the cases

specified in the last section, a domestic corporation or joint-stock association * * * whose principal place of business or any part of its plant or plants, shops, factories or offices is actually located within the county * * * it is deemed a resident of the county."

Section 67, subdivision 3, therefore, prescribes that a County Court shall have jurisdiction of a cause where, other circumstances being present, the defendant is a resident of the county, and section 68 provides that, for the purpose of determining the jurisdiction, a domestic corporation may, in certain circumstances, be deemed a resident. Foreign corporations are not included, nor, in view of the limitation prescribed by article 6, section 14, of the Constitution, could they be, for a corporation's residence is in the State of its incorporation, and there only. "A corporation necessarily resides, so far as a corporation can have a place of residence, within the territory of the sovereignty which created it." (*Maisch* v. *City of New York*, 193 N. Y. 460.) As is said in *Farmers' Loan & Trust Co.* v. *Chicago & A. R. Co.* (27 Fed. 146, 150): "And if the words ' a foreign corporation ' be read into the statute, they are qualified by the words '*bona fide* resident,' and it is plain that a foreign corporation cannot become a '*bona fide* resident ' of a State which does not create it. A corporation is a mere creation of local law, having no legal existence beyond the sovereignty where created. It dwells in the place of its creation and cannot migrate. *Paul* v. *Virginia*, 8 Wall. 168. How, then, can a corporation of another State become a *bona fide* resident of Indiana? "

In *Parkhurst* v. *Rochester L. M. Co.* (65 Hun, 489), where the appeal was from a judgment in favor of the plaintiff and against the defendant, a foreign corporation, the General Term held that " The objection to the jurisdiction of the County Court in an action against a foreign corporation, though taken for the first time on this appeal, must be fatal to the judgment." The court said: " The County Court has no jurisdiction of the cause of action in this case, because it has no jurisdiction of any cause of action in any case against a foreign corporation."

The respondent here takes the position that " by failure to deny the allegations of the complaint concerning corporate residence, and especially the allegation that its main office and principal place of business is in Nassau county, the appellant has conceded that there is no question to be determined concerning the court's jurisdiction." Concerning a similar point arising in *Parkhurst* v. *Rochester L. M. Co.* (*supra*), the court said: " That the County Court has, by the statute which defines its powers, no jurisdiction of such actions is

conceded; it is contended that in this case it obtained jurisdiction by the consent of the defendant, which appeared generally, and answered to the merits. The position is untenable. Consent may give jurisdiction of the person, but not of the subject-matter nor of the action. The question in this case was not of jurisdiction of the person, but of the limitation of the power of the court. The court had no jurisdiction of the action, because it is denied jurisdiction of *any* action against a foreign corporation. * * * Still more must it be impossible for litigants to· dispense with the rule which prohibits the court to act at all in a given case."

Counsel for the respondent relies upon the case of *Meyers* v. *American Locomotive Co.* (201 N. Y. 163), in which Judge WILLARD BARTLETT, writing for the court, said in part: " In the case of *Bunker* v. *Langs* [76 Hun, 543], however, the General Term of the Supreme Court in the fifth department held that such an objection was waived by appearing and answering upon the merits without raising it. The General Term consisted of DWIGHT, P. J., and LEWIS, HAIGHT and BRADLEY, JJ., and the opinion was written by Mr. Justice BRADLEY. Referring to the rule (Code Civ. Proc., § 499)* that an objection to the jurisdiction of the court although not taken by demurrer or answer is not waived, he said: ' This evidently has relation to the jurisdiction of the subject-matter, which, if not within the jurisdiction of the court, cannot be conferred upon it by consent of the parties. The rule is otherwise as to the person. A defendant may submit himself to the jurisdiction of a court although the process by which the plaintiff has attempted to institute an action against him is ineffectual for the purpose, and if he appear and plead to the merits without objection, the want of jurisdiction of his person is waived.' * * * It follows·that the determination of the present appeal depends upon the question whether the jurisdiction involved here relates to the person of the defendant or the cause of action itself. If it relates to the person the objection was waived by the interposition of an answer upon the merits containing no suggestion of any jurisdictional defect in the complaint."

But in the *Meyers* case the statement which apparently favors the respondent's contention must be read in the light of the facts there disclosed.. The action there was brought in Chautauqua county against a *domestic* corporation. Lack of jurisdiction of the person may be waived in a case where in certain circumstances the court could have jurisdiction; it cannot be waived in a case where by constitutional limitation the court is without jurisdiction in any event. It will be noted, too, that in *Bunker* v. *Langs*. the

case which Judge BARTLETT quotes, the defendant was an *individual* resident of Steuben county. " There are, no doubt, many cases where the court having jurisdiction over the subject-matter may proceed against a defendant who voluntarily submits to its decision, but where the State prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants." (*Davidsburgh* v. *Knickerbocker Life Ins. Co.*, 90 N. Y. 526, quoted in the *Parkhurst* case.)

The order of the County Court of Nassau county denying defendant's motion to vacate the judgment should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order of the County Court of Nassau county denying motion to vacate judgment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.