SADIE COHEN, Respondent, v. OSCAR COHEN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

ELIZABETH F. CONNOLLY, Respondent, v. HALLIWELL-SHELTON ELECTRIC CORPORATION, Appellant, and WILLIAM E. HINKLE Co., INC., Defendant.— Order affirmed, with ten dollars costs and disbursements, with leave to appealing defendant to answer within ten days from service of a copy of the order herein. The complaint sufficiently states a cause of action in negligence, upon which theory the appellant may be held liable to the plaintiff for injuries she received in the use of the machine which the appellant manufactured and sold to a dealer from whom the plaintiff's employers purchased it. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Statler* v. *Ray Mfg. Co.*, 195 id. 478.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

CONTRACTORS TRADING Co., INC., Respondent, v. HENNEY CONTRACTING CORPORATION, Appellant.— Order of the County Court of Nassau county reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; defendant to answer within ten days from the entry of the order herein. The judgment from which the defendant appealed was entered against it in the County Court of Nassau county by default. The judgment roll consists of the summons and complaint and proof of default. The complaint contains no allegation of the necessary jurisdictional facts. The judgment, therefore, must be vacated and set aside. (*Wachtel* v. *Diamond State Engineering Corporation*, 215 App. Div. 15; *Henneke* v. *Schmidt*, 121 id. 516; *Meyers* v. *American Locomotive Co.*, 201 N. Y. 163.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.

FRANK JOSEPH DONATO and DOROTHY DONATO, His Wife, Respondents, v. JOHN McNEE, as Sheriff of the County of Rockland; Defendant, and LOUIS SYLVESTRO and Others, Appellants.— Judgment as amended reversed upon the law and the facts, with costs, and judgment directed in favor of appellants, without costs. We are of opinion that the judgment docketed on February 20, 1929, in favor of A. G. Walton Shoe Company against Louis Silvestro and Mary Silvestro, for $237.30, became on that day a lien against the property conveyed by Louis Sylvestro to Josephine Sylvestro and that the sheriff's sale under the execution issued upon this judgment was properly carried out. She was properly served with the summons in this action and it appears that her true name is Mary Josephine Sylvestro. (*Stuyvesant* v. *Weil*, 167 N. Y. 421.) Findings of fact and conclusions of law contrary to this decision are reversed and new findings in support thereof will be made. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur. Settle order on notice.