ROCHESTER EXPOSITION ASSOCIATION, Respondent, *v.* SOLOMON BOGORAD, Appellant.

County Court, Monroe County, September 6, 1932.

*James S. Bryan,* for the appellant.

*Burns & Burns* [*Robert H. Wendt* of counsel], for the respondent.

LYNN, J. The question in this case is the jurisdiction of the City Court over the person of the defendant. The defendant is a resident of the town of Irondequoit and was served with a summons in this action in said town, which adjoins the city of Rochester.

Prior to the amendment of the State Constitution, hereinafter

referred to, the city of Rochester did not have, and the Legislature could not have given it, jurisdiction to serve its process outside of the city of Rochester. (*Baird* v. *Helfer*, 12 App. Div. 23.) It was there held that the permission given to the Legislature by section 18 of article 6 of the Constitution of the State of New York to establish inferior local courts, impliedly limited the process of such inferior courts to the territory in which they were established. Thereafter the Constitution was amended by adding to section 18 the further grant of power to the Legislature to " provide that the territorial jurisdiction in civil cases in any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located." After this amendment to the Constitution, the Legislature, by chapter 413 of the Laws of 1931, added to the power of the City Court of Rochester the following: " In an action wherein the plaintiff * * * is a resident of the city of Rochester, the summons may be served in a town of the county of Monroe adjoining the city of Rochester."

The plaintiff in this action is a resident of the city of Rochester and was at the time of the commencement of the action. The sole question raised on this appeal is whether the power given to the Legislature by the constitutional amendment to extend the jurisdiction of an inferior court " throughout the county " made it necessary that in the exercise of that power the Legislature was obliged to give the City Court of the City of Rochester jurisdiction to send its process throughout the entire county if it extended it into any part of the county outside the city of Rochester.

The briefs of counsel present no decision of the courts throwing any light upon the question at issue, and the decision must turn upon such reasoning as may be brought to bear upon the subject. It is a well-established rule that an act of the Legislature ought not to be declared unconstitutional unless that conclusion be unavoidable. Surely such a conclusion is not necessary when it depends upon the interpretation of a word of such varied uses as the word, " throughout." The technical meaning of " throughout " is " through the whole," but in its common use it does not always have that signification. For a man to say that he had passed throughout the country would imply that he had been through the whole of it, but for the King to give him permission to pass throughout the country, would not be understood to compel him to see the whole of it or to·go further than his inclination led him.

In the case under consideration the Constitution has merely granted permission to the Legislature to extend the jurisdiction of the court. The exact reading of section 18 of article 6 is as

follows: " The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article; but it may provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located." It seems to me that the Legislature merely exercised a part of the power given to it by this amendment, when it extended the jurisdiction of the City Court of the City of Rochester into a part of the towns of the county of Monroe; and no reason has suggested itself why the people in framing the constitutional provision should have intended to compel the Legislature to include the whole county. It will readily occur to any one that there were reasons for extending the jurisdiction of the City Court to the towns contiguous to the city, which would not be applicable to the inclusion of the outlying towns, and, that being so, and no reasons being apparent why the whole county had to be included, it is only reasonable to assume that that was the purpose of the amendment, leaving the Legislature to determine how far the jurisdiction should be extended within the limits of the county.

Counsel for the appellant argues that the act of the Legislature under discussion was a violation of the Fourteenth Amendment to the Constitution, in that it abridged the privileges of residents of the city and county and denied them equal protection of the laws. Surely the privileges of the residents of Brighton are not abridged by the fact that a resident of the city of Rochester may not sue a resident of the town of Wheatland in the same court. It is sufficient that all the residents of the town of Brighton are treated alike, as are all the residents of the town of Wheatland.

The order appealed from must be affirmed, with twenty-five dollars costs.