GEORGE F. YANCEY, Respondent, *v.* JOHN D. ANDREWS et al., Appellants.

County Court, Monroe County, April 15, 1949.

*Howard M. Woods* for respondent.

*Carroll M. Roberts* for John D. Andrews, appellant.

*Frederick T. Pierson* for Kenneth L. Cooley, appellant.

O'MARA, J. This is an appeal from a judgment rendered by the City Court of Rochester, in favor of the plaintiff and against both of the defendants.

It is conceded that none of the parties to this action are or were, at the time of its commencement, residents of the city of Rochester or of any town adjoining the city of Rochester. It is likewise conceded that the City Court of Rochester had jurisdiction of the subject matter upon which its judgment was predicated.

The plaintiff's complaint sets forth the allegation that the defendants resided in towns in the county of Monroe which were not adjoining the city of Rochester and although the plaintiff alleged in his complaint that he was a resident of the city of Rochester, it was established as a fact during the course of the trial that he, likewise, was a resident of a town in the county of Monroe, which was not adjoining the city of Rochester.

Having in mind the respective residences of the parties to this action, the defendant Andrews in his answer to the plaintiff's complaint, specifically raised the question as to whether the City Court of Rochester had jurisdictioin to hear, try, and determine the issues raised in the plaintiff's complaint, and it was apparently for the same reason that the defendant Cooley failed to admit the allegation of the plaintiff's complaint pertaining to his residence.

At the close of the plaintiff's evidence, the defendant Andrews moved for a dismissal of the complaint and specified lack of jurisdiction as one of the reasons why his motion should be granted and the defendant Andrews on this appeal persists in his claim that in view of the residence of the parties, the City Court of Rochester lacked jurisdiction.

In determining the question of jurisdiction of the City Court of Rochester, it becomes necessary to refer to the constitutional and statutory background pertaining to the creation and continuance of said court. The said court, as now constituted, came into existence by legislative enactment by virtue of the provisions of the State Constitution having reference to the establish-

ment of inferior local courts of civil and criminal jurisdiction and the said enactment was in the year 1918.

It was clearly within the constitutional power of the Legislature to create the City Court of Rochester, but only in the event the jurisdiction of said court was local and inferior in its nature. The term " Inferior local courts of civil and criminal jurisdiction ", as employed in the Constitution, has been defined to mean courts possessing a jurisdiction localized within the territorial limits of the city for which they are created (see opinion of DWIGHT, P. J., in *People* v. *Upson,* 79 Hun 87; *Brandon* v. *Avery,* 22 N. Y. 469).

The jurisdiction of inferior and local courts, such as the City Court of Rochester, must be exercised within the locality for which the court was created, and its process cannot be executed outside of its locality (*Geraty* v. *Reid,* 78 N. Y. 64, 67). In the case of *Baird* v. *Helfer* (12 App. Div. 23) which was a case involving the jurisdiction of the original court of the city of Rochester and designated as the " Municipal Court of the city of Rochester ", it was held that the court lacked jurisdiction in a case in which the summons was served outside of the city of Rochester.

It was because of the court decisions above-mentioned that section 18 of article VI of the Constitution of the State of New York was amended by adding to the said section the further grant of power to the Legislature to " provide that the territorial jurisdiction in civil cases of any inferior or local court now existing or hereafter established in any city or of justices of the peace in cities shall extend throughout the county or counties in which such city may be located." Subsequent to this amendment to the Constitution, the Legislature, by chapter 413 of the Laws of 1931, amended the act creating the City Court of Rochester, by inserting in section 493 of the said act the following sentence: " In an action wherein the plaintiff, or if there are two or more plaintiffs, where one of the plaintiffs, is a resident of the city of Rochester, the summons may be served in a town of the county of Monroe adjoining the city of Rochester." The constitutionality of this amendment to the City Court Act of Rochester, was questioned in *Rochester Exposition Assn.* v. *Bogorad* (149 Misc. 200) and in that case Judge LYNN of the Monroe County Court held that the amendment was a constitutional enactment. In view of the fact that the case of *Kaufman* v. *Gillespie,* decided by Judge O'CONNOR of the Monroe County Court on November 20, 1947, has been cited in the briefs submitted on this appeal, it should be pointed out that

the jurisdictional question raised in the said case was whether the City Court of Rochester possessed jurisdiction in an action brought by residents of towns adjoining the city of Rochester and in which process was served in the city of Rochester. No such question of jurisdiction is involved in the present case as all of the parties are residents of towns which do not adjoin the city of Rochester. This court finds itself in complete agreement with the decisions reached in the *Rochester Exposition Assn.* and *Kaufman* cases (*supra*).

It is provided by section 521 of the Rochester City Charter (as amd. by L. 1922, ch. 483) that the provisions of the Justice Court Act (L. 1920, ch. 937) shall apply to the said court except so far as they may be inconsistent with the provisions of the said act and that for the purpose of applying the said provisions, the Rochester City Court shall be deemed a justice court; that each judge of said court shall be deemed a justice of the peace; and the City of Rochester shall be deemed a town of Monroe County. Section 10 of the Justice Court Act, therefore, becomes applicable to the City Court of Rochester and that section provides, in part, as follows:

" An action must be brought before a justice of a town or city wherein one of the parties resides or a justice of an adjoining town or city in the same county, except in one of the following cases ".

The case at bar does not come within any of the excepted cases mentioned in the said section. It will be observed that the language of section 10 of the Justice Court Act is mandatory and it is well established that a mandatory, constitutional or statutory provision going to the jurisdiction of a court cannot be waived, and it makes no difference whether the question involves jurisdiction of the subject matter or of the person (*Wachtel* v. *Diamond State Engineering Corp.,* 215 App. Div. 15). If a court lacks jurisdiction of the subject matter, or of the parties, its order or judgment is a nullity and is void and when a court authorized by statute to entertain jurisdiction in a particular case only, undertakes to exercise the power conferred in a case to which the statute has no application, it acquires no jurisdiction, and a judgment rendered therein being a nullity, can be attacked either directly or collaterally (See *Hughes* v. *Cuming,* 165 N. Y. 91, and *Risley* v. *Phenix Bank of City of N. Y.,* 83 N. Y. 318).

For the sake of clarity it might be well to state, although the question is not an issue in this case, that lack of jurisdiction of the person may be waived in a case where, in certain circumstances, the court could have jurisdiction; but it cannot be waived

in a case where, by constitutional or statutory limitation, the court is without jurisdiction in any event. There are, no doubt, many cases where the court, having jurisdiction over the subject matter, may proceed against a defendant who voluntarily submits to its decision, but where the Constitution and the Legislature prescribe conditions under which a court may act, those conditions cannot be dispensed with by litigants (see *Davidsburgh* v. *Knickerbocker Life Ins. Co.*, 90 N. Y. 526, and *Wachtel* v. *Diamond State Engineering Corp., supra*).

Having reached the conclusion that the City Court of Rochester did not have jurisdiction of the parties to this action due to the fact that its assumed jurisdiction was in violation of the mandatory provisions of section 10 of the Justice Court Act, and having in mind the provisions of section 521 of the Rochester City Charter, which makes section 10 of the Justice Court Act applicable to the City Court of Rochester, it becomes unnecessary to pass upon the other questions presented on this appeal.

The judgment of the City Court of Rochester is reversed and the plaintiff's complaint dismissed, with costs of this appeal to the defendants, and with leave, of course, to the plaintiff to institute his cause of action in a jurisdictional court.