John E. Schwartz, J.
In an action to recover $25,000 damages for libel and slander, both defendants, one an individual and the other a foreign corporation, move the court for an order dismissing the complaint.
It is the defendants’ contention this court does not have jurisdiction because the prayer for relief is in excess of $6,000 and in addition, the court does not have jurisdiction over the defendant foreign corporation.
The summons was served on the defendants on October 19, 1956; a notice of appearance, on behalf of both defendants, was interposed November 16, 1956. A long period of time then elapsed before the plaintiff served a verified complaint on September 26,1958. As will appear hereafter, the lengthy delay may have been fatal to the plaintiff insofar -as the corporate defendant is concerned because it is apparent the Statute of Limitations has run, and this court, after diligent research, is convinced jurisdiction was not acquired by the court over the defendant foreign corporation. The notice of appearance did not waive this defect. The plaintiff has supplied the court with numerous authorities which are not, unfortunately, applicable. They deal with domestic corporations.
*221 It must be remembered, the County Court is a court of limited jurisdiction and may exercise only such powers as are conferred by statute. (Civ. Prac. Act, §§ 67, 68; N. Y. Const., art. VI, § 11.) Since the amendment of the Constitution in 1926, and the amendment of section 67 of the Civil Practice Act in the same year (L. 1926, eh. 214) certain additional powers have been given to the court over domestic corporations when they are deemed residents pursuant to section 68 of the Civil Practice Act. While it may have been the intention of the framers of the Constitution to include foreign corporations, the statute specifically refers to “ a domestic corporation or joint-stock association ”. No mention is made of a foreign corporation. Hence, this court is compelled to follow the rule enunciated in Wachtel v. Diamond State Eng. Corp. (215 App. Div. 15). This case, decided by the Second Judicial Department, appears to be the law of New York. While there is some disagreement among the text writers, the case has been followed in Didio v. Healey Co. (40 N. Y. S. 2d 278). The objection of the corporate defendant to the jurisdiction of this court is based upon the failure of the court to have jurisdiction over the subject matter. C’oncededly, jurisdiction of the person may be waived by an appearance but such waiver is not spelled out where the objection concerns jurisdiction of the subject matter. The cases cited make a distinction between a domestic and a foreign corporation, and section 68 of the Civil Practice Act does not remove the distinction. (Friedman v. Great Atlantic & Pacific Tea Co., 174 Misc. 185.) Some authority for an opposite view can be found in Carmody’s New York Practice but the revision of this work, and its consolidation with Wait’s New York Practice under the title of “ Carmody-Wait Cyclopedia of New York Practice,” indicates that the original position taken by Carmody, after the amendment of 1926, which was the authority for other text writers and lecturers on the subject, has been modified to the extent that the editors now follow the rule in Wachtel v. Diamond State Eng. Corp. (supra). The County Court does not have jurisdiction over a foreign corporation and jurisdiction may not be acquired by the interposition of a general appearance, for the question of residence relates to jurisdiction of the subject matter.
The motion of the defendants is granted to the extent it requested a dismissal of the complaint as to the corporate defendant. Plaintiff asserts her request for $25,000 damages, in a County Court action, was an inadvertent mistake, and points out the court is empowered to permit an amendment to *222 ask for $6,000. While no cross motion has been made for this relief, the court, on its own motion, in the interest of having the case tried, without the necessity of another motion, directs that the complaint against the individual defendant be amended to ask for $6,000 damages.
Submit order on notice in conformity with this decision.