Benjamin Gassman, P. J.
(concurring). I concur in the foregoing opinion but deem it necessary to add the following.
At the outset of the trial in the court below, defendant’s counsel stated on the record that the defendant appeared specially and objected to the jurisdiction of the court on the ground that the summons was served upon him in Nassau County. The Magistrate then stated that ‘ ‘ we will take testimony to determine if this court has proper jurisdiction ”, The police officer was then called and testified that he served the summons on the defendant “ roughly fifty yards over the Nassau County line”. The Magistrate then overruled the special appearance, saying:
‘ ‘ I am proceeding and I made my ruling on the basis of Section 135 of the Code of Criminal Procedure. In that section it states that when a crime is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county. Now, if the alleged traffic violation took place in Queens County, as the officer stated, the opinion of this court is that he could pursue the defendant within five hundred yards of the adjoining county for the purpose of issuing a summons to him.
‘ ‘ I am not saying that a traffic offense is a crime, but I am saying that the same circumstances, the same rights to a police officer that would be given were he pursuing one for a crime are also available to him in pursuit of one committing a traffic violation ”.
The Magistrate then continued: “ Now I take it that you are appearing generally, having made your special appearance and protected the rights of your client ”, to which defendant’s counsel answered: “Yes, your Honor ’ ’. The Magistrate then said: 11 If your contention is right, then no matter what happens at the trial, you understand it would have no effect on your client ”. The trial then proceeded. The officer testified that he began pursuit of the defendant in Queens County, but that when he finally “pulled him to the curb”, it was inside the Nassau County line.
*274 Despite the fact that defendant proceeded with the trial on the merits, he preserved his right to object to the jurisdiction of the court over his person. (People v. Levins, 152 Misc. 650; People v. Greenspan, Appellate Part, Court of Special Sessions, Docket 101-A-3, Bayes, P. J., Perlman and Burlingame, JJ., decided Jan. 24, 1939, ,and not otherwise reported.) In the Greenspan case, the majority of the court (Bayes and Burlingame, JJ.) upheld the right of a defendant to interpose a special appearance, saying: “ The trial court was in error in failing to recognize the right of the attorney to appear specially for the purpose of questioning the jurisdiction of the court. Such special appearance does not amount to a general appearance even though the defendant was physically before the court ’ ’.
While there is no specific provision either in the Code of Criminal Procedure or in the New York City Criminal Courts Act for a “ special appearance ” by a defendant, the only way in which a defendant can test the jurisdiction of the court over his person, in a case where a summons is served upon him pursuant to section 116 of the New York City Criminal Courts Act (without risking arrest under a warrant) is by appearing specially and objecting to the jurisdiction of the court. This, the appellant here did, and we may therefore properly consider the question whether a Magistrate’s Court summons may be served outside the limits of the City of New York.
The territorial jurisdiction of the City Magistrates’ Court, including a court held by the Chief City Magistrate (but not including the Magistrates’ District Courts) is “ coterminous with the city unless the boundaries thereof within the city are otherwise prescribed by the chief city magistrate ”. (N. Y. City Grim. Cts. Act, § 100; emphasis supplied.) A summons issued by a City Magistrate pursuant to the provisions of section 116 of that act must be served within the City of New York, in order to give the Magistrate jurisdiction to try the defendant, if he appears in response to that summons.
“ The jurisdiction of a local court must be exercised within the locality, and its process cannot be executed outside of it ’ ’. , (Geraty v. Reid, 78 N. Y. 64, 67.) A local court has no authority to send its process for service outside its territorial limits and acquires no jurisdiction of the person by such service. (Conor v. Hilton, 66 How. Pr. 144; Beach v. Bainbridge, 7 Hun 81; see, also, Yancey v. Andrews, 195 Misc. 336.) “ Local, inferior courts have only such jurisdiction as is expressly conferred by statute. * * * The legislature may by proper enactment provide for *275 county-wide service of process issuing out of the City Court of Peeksldll, but until such powers are granted, it may not be exercised ”. (Slutzky v. Lehman, 32 N. Y. S. 2d 549, 550.)
It is true that if the Magistrate has jurisdiction of the subject matter and the defendant is physically before him, the manner in which the arrest was made is immaterial in determining the court’s jurisdiction. (People v. Banner, 5 Misc 2d 355, 358; People v. McDonald, 8 Misc 2d 50.) It is also true that it is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court, where the court had jurisdiction of the subject matter (People v. Di Leo, 194 App. Div. 793, 794; People v. Eberspacher, 79 Hun 410; People v. Jeratino, 62 Misc. 587). However, all those cases involved situations where the defendant was before the court on a warrant of arrest and not as the result of the issuance of a summons, as in this case. The defendant’s objection to the jurisdiction of the court cannot be deemed waived by his going to trial on the merits, particularly after the assurance given to him by the court that “ if your contention is right, then no matter what happens at the trial, it would have no effect ’ ’.
The Magistrate, under subdivision g of section 116 of the New York City Criminal Courts Act, having the defendant physically before him, could have issued a warrant for the defendant’s arrest. However, he did not do that, but proceeded with the trial under the summons. Thus the only question before us is whether the court below acquired jurisdiction of the defendant by the service of the summons in Nassau County. In the opinion of this court, such service was ineffective.
In holding that section 135 of the Code of Criminal Procedure applied to this case and in stating that “ the same rights to a police officer that would be given in the event he were pursuing one for a crime, are also available to him in pursuit of one committing a traffic violation ’ ’, the court below confused section 135 of the Code of Criminal Procedure with section 860 of that code. Section 135 deals with the question of which of two counties has jurisdiction of the subject matter of a crime committed at or near a county line, while section 860 deals with the question of “ close pursuit ” and gives the right to a peace officer to cross a county or even a State line in order to arrest a person charged with crime. One deals with the jurisdiction of the subject matter, while the other deals with the jurisdiction of the person. The doctrine of “ close pursuit ” does not apply to the issuance of a summons for a traffic violation. The record here discloses' that the “ pursuit ” of the defendant into Nassau County was *276 not for the purpose of making an arrest, hut solely for the purpose of serving a traffic summons upon him. The service of the summons in Nassau County was a nullity.
Acqtjavella, J., concurs with Bin gel. J.; Gassman, P. J., concurs in separate opinion.
Conviction reversed, etc.