John P. Donohoe, J.
This is a motion by plaintiffs in an action to recover damages for personal injuries sustained as a result of a fall in defendant’s store for an order removing the action now on the calendar of the County Court of Westchester County to the Supreme Court and for incidental relief.
The motion is made under section 110 of the Civil Practice Act which provides as follows: “ Mistake in court. No action or special proceeding shall fail or be dismissed on the ground of a mistake in the court in which the action or proceeding is brought, but in such case, a justice of the supreme court, upon such terms as may be just, may remove the action or proceeding to the proper court, by order. Where an order for removal is made as prescribed in this section, the subsequent proceedings must be the same as if the action or proceeding had been instituted in the court to which removal is made. ’ ’
It should be noted at the outset that the procedure adopted by the plaintiffs in bringing this application before the court is improper.
The caption indicates that the application is made in the County Court action and is addressed to the County Court. Actually, the application is in the nature of a special proceeding in the Supreme Court and the caption should so indicate. (See Helfgott v. Tannen, 208 Misc. 335, 339.) However, no objection is taken to the procedure employed by plaintiff and the court will entertain the application on the merits.
The moving affidavit made by plaintiffs’ attorney shows that the action was brought in the County Court because the actual money damages sustained were within the monetary jurisdiction of the County Court. All pretrial proceedings have been concluded and the ease is on the Trial Calendar.
*904 Counsel further relates that at a pretrial conference before the County Court on January 4, 1963, “ for the first time, the defendant claimed that the County Court did not have jurisdiction of a foreign corporation.”
The moving papers do not present any factual substantiation for the claim allegedly asserted by the defendant that the defendant is a foreign corporation (for that matter counsel has not furnished the court with the pleadings), but presumably, as plaintiff has apparently conceded, this is the case. Removal is now sought by reason of defendant’s status as a foreign corporation and the County Court’s resultant lack of jurisdiction.
Unquestionably, the County Court lacks jurisdiction over an action where defendant is a foreign corporation (Wachtel v. Diamond State Eng. Corp., 215 App. Div. 15; Didio v. Healey Co., 40 N. Y. S. 2d 278; Costello v. Grant Co., 16 Misc 2d 220) and this action has been mistakenly pursued in the County Court. It also appears that as the accident out of which this case arose occurred in December, 1959, the Statute of Limitations would be an effectual bar to plaintiff’s maintenance of a new action in the Supreme Court.
In view of the facts involved, the case is an appropriate one for the application of the remedial relief afforded by section 110.
Defendant has contended that as the County Court lacks jurisdiction, all prior proceedings are void and removal cannot be effected under section 110, citing as purported authority for its position, Matter of Yaras (City of Albany) (283 App. Div. 214, affd. 308 N. Y. 864) and McCarthy v. Rocklin (25 Misc 2d 991). However, in the ease at bar we are not confronted with a situation where the plaintiffs have pursued a form of action over which the County Court has no jurisdiction.
Manifestly, that court has jurisdiction of an action to recover money damages for personal injuries provided, of course, that the amount demanded in the complaint does not exceed the jurisdictional limit of that court. This distinction renders the authorities relied on inapposite.
The motion is granted, and the case is removed to the Supreme Court and the Calendar Clerk upon receipt of a copy of the order hereon is directed to place the matter on the calendar for the same term for which it was noticed in the County Court.