■ RED CREEK NATIONAL BANK, Respondent, v BLUE STAR RANCH, LTD., Appellant.—Order and Judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action on February 5, 1976 to recover $55,061.15 allegedly due from defendant under certain promissory notes. Service of the summons and complaint was effected on a representative of the Secretary of State pursuant to section 306 of the Business Corporation Law, and on March 4, 1976 a default judgment was entered against defendant in the amount of $64,344.56 of which $8,782.27 represented attorney's fees. Thereafter in June, 1976 defendant successfully moved to vacate the default, alleging that it never received actual notice of the pendency of the action or the entry of judgment until May, 1976. Defendant was permitted to serve an answer in which it denied the material allegation of the complaint and asserted 11 affirmative defenses and one counterclaim. Plaintiff subsequently moved for summary judgment and, following the grant of this motion, a modified judgment was entered against defendant in the amount of $60,261.15 with interest and costs. Defendant initially argues that implicit in the grant of its motion to vacate the default was the finding of a meritorious defense to plaintiff's action and that this finding precluded the subsequent grant of summary judgment. However, it is well settled that

courts have inherent power to open defaults beyond that which is contained in the CPLR (*Matter of Mento,* 33 AD2d 650) and that, where a default judgment is entered without compliance with the necessary requirements therefor, that judgment is a nullity and must be vacated (see, e.g., *Contractors Trading Co., v Henney Contr. Corp.,* 232 App Div 829). Since here the default judgment was entered before the expiration of the 30-day statutory period in which defendant could appear and answer (see, CPLR 320, subd [a]; 3012, subd [c]), it was a nullity and was required to be vacated upon proper motion regardless of any showing of meritorious defense by defendant. Furthermore, since the motion for summary judgment did not constitute a reargument or modification of the motion to vacate pursuant to CPLR 2221, it need not have been directed to the same Judge who opened the default and, accordingly, defendant's argument on this issue is also dismissed. Nor did the court err in conducting a hearing on plaintiff's claim for attorney's fees and in subsequently reducing such claim from $8,782.27, as permitted by the 15% to 20% fee clauses in the promissory notes, to $5,200. There was ample testimony that the percentages contained in the fee clauses were less than the prevailing contingent rate on such collections and, therefore, the contractual fees were not "unreasonably large or grossly disproportionate" (see *Equitable Lbr. Corp. v IPA Land Dev. Corp.,* 38 NY2d 516). Although the court could have awarded plaintiff the full fee demanded, in light of plaintiff's failure to cross-appeal and in view of the testimony at the hearing, we see no basis for disturbing the court's award. Finally, the evidentiary material submitted upon the motion for summary judgment does not present any question of fact. (Appeal from order and judgment of Wayne Supreme Court—summary judgment.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.