OPINION OF THE COURT
Louis B. York, J.
Defendants move pursuant to CPLR 5015 (a) (1) to vacate the default judgment entered against defendant Plander on January 26, 1988.
The summons and verified complaint were served upon the defendants on October 9, 1986. Issue was joined on October 24, 1986 by service of a verified answer. On March 12, 1987 defendants received a notice of trial from plaintiff’s attorneys. On February 3, 1988, the defendants received a letter from plaintiff’s attorneys, dated February 1, 1988, indicating that plaintiff had entered a judgment against defendant Plander and enclosed was a copy of the judgment. Defendants’ attor *763 ney in his affidavit states that he did not receive any notice that a trial date had been set for this matter, nor did he receive a notice that any inquest date had been set nor did he receive any notice from plaintiff as required by Follette v Vitanza (658 F Supp 492 [1987]) or by CPLR 3215 (f) (3) (i).
The plaintiff asserts that the defendants are barred from reopening his default because more than one year has elapsed since defendant was served a copy of the judgment.
The plaintiff does not deny that he did not serve any notice pursuant to CPLR 3215 (f) (3) (i) and the defendants do not deny that they did not contest the judgment within one year of receipt of the notice of its entry as required under CPLR 5015 (a) (1).
CPLR 3215 (f) (3) (i), in pertinent part, states, "When a default judgment based upon nonappearance is sought against a natural person in an action based upon nonpayment of a contractual obligation an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment, by mailing a copy of the summons by first-class mail to the defendant at his place of residence in an envelope bearing the legend 'personal and confidential’ and not indicating on the outside of the envelope that the communication is from an attorney or concerns an alleged debt.” (Emphasis added.)
There appears to be no case law interpreting this section as it applies to the facts presently before the court. The court will give meaning to this section as intended by the Legislature by looking to the words and language in the statute itself. (See, Matter of Allstate Ins. Co. v Libow, 106 AD2d 110 [2d Dept 1984].) The court finds that this provision is not applicable to the case at hand because the defendants did appear in the proceedings when he answered and issue was joined on October 24, 1986. This section was apparently designed for those pro se defendants who have defaulted in answering a complaint because "an affidavit shall be submitted that additional notice has been given by or on behalf of the plaintiff at least twenty days before the entry of such judgment by mailing a copy of the summons by first class mail to the defendant”. (CPLR 3215 [f] [3] [i].) In the present matter it is unnecessary to give any additional notice to the defendants when the defendants in fact answered the complaint, thereby assuring receipt of the summons and complaint. Moreover, the requirement that the envelope contain the copy of *764 the summons and bear the inscription " 'personal and confidential’ and not indicating * * * [it] is from an attorney” likewise implies communication from a plaintiff to a pro se defendant because defendant’s counsel, if a defendant has counsel, must accept service on behalf of his client. (See, CPLR 2103 [bj; see also, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1989 Supp Pamph, CPLR 3215:18, at 582, where, "[b]y its own terms a failure to satisfy its requirements [CPLR 3215 (f)] are of no consequence if the defendant appears in the action”.) Here, the defendants appear by counsel and service of the notice of trial and default judgment upon defendant by service upon defendants’ counsel completed the required service. (See, CPLR 2103 [b].) It is uncontroverted that defendants received notice of trial on March 12, 1987. After receiving such notice, the defendants had 20 days to move to strike the action from the calendar, if it desired to do so, which was not done. (See, Uniform Rules for Trial Courts [22 NYCRR] § 208.17 [c].) After the notice was filed the matter was placed on the Trial Calendar and pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 208.19 a notice is required to be published in the New York Law Journal at least five days before the call of the calendar. There are procedures set forth under the rules as to the call of Reserve, Ready and General Calendars pursuant tó 22 NYCRR 208.23. There is also a provision for a day certain for trial. (See, 22 NYCRR 208.24.) The defendants do not indicate that any of the procedures were not followed in the present action.
The defendants also state that they did not receive adequate notice under Follette v Vitanza (658 F Supp 492 [ND NY 1987], supra). Follette involved a situation where judgment debtors had wages garnished without being informed of their rights under Federal and State law as to the limits of the amount of wages that could legally be garnished. In many instances, judgment debtors were having a greater amount of their wages garnished than was permissible under both Federal and State law. The court in Follette held that the income execution provisions of CPLR 5230 as applied to judgment debtors were not in conformity with the notice requirements under 15 USC § 1673 and mandated that any judgment debtor be given notice of his/her right to challenge an income execution provided under Federal law, CPLR 5231 (g) and CPLR 5240. Follette is simply not analogous to the present case which does not involve income executions. Even assuming *765 arguendo that plaintiff was required to give notice to defendants of their right to vacate the default, there is no indication that defendants’ counsel would have moved earlier for the relief he now seeks. There are absolutely no facts presented showing any reason for the delay in moving to vacate the default judgment, let alone a showing of excusable default required under CPLR 5015 (a) (1). There were absolutely no factual allegations showing a prima facie meritorious defense which is also required in order for the court to grant such relief. (Tat Sang Kwong v Budge-Wood, Laundry Serv., 97 AD2d 691 [1983].)
Defendants’ motion is denied.