OPINION OF THE COURT
James C. Harberson, Jr., J.
Action was commenced on August 23, 1988 by summons and complaint served by personal service under UCCA 403. This original summons did not conform with UCCA 402 and a new service of a summons and complaint was made on September 6, 1988.
Philip Smithline was served at 520 Woolworth Building (his business office). Elaine Smithline was not there, and her copy of the summons and complaint was given to her husband, Philip Smithline, and a copy was mailed to the same address by the process server.
CPLR 308 (2) allows service upon a person of suitable age and discretion at the actual place of business (that section is incorporated by UCCA 403). This form of service is not complete until the copy is mailed to the person’s last known residence or to the actual place of business by first-class mail in an envelope bearing the legend "personal and confidential” free of any exterior reference to an attorney or the lawsuit.
Service is complete 10 days after proof of such mailing is *774 filed with the clerk of the court designated in the summons. Proof of service should be filed within 20 days of the mailing.
Because one of the allegations in the complaint alleges a breach of contract for which money damages are sought, the plaintiff must conform with CPLR 3215 (f) (3) (i), which requires additionally, at least 20 days before entry of a default judgment the plaintiff mail a copy of the summons by first-class mail to the defendant’s place of residence. "This does not make the mailing superfluous when paragraph 2 * * * of CPLR 308 is being used for summons service. Each of those two provisions does include a mailing requirement” (Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY [1989 Supp Pamph], Book 7B, CPLR C3215:18, at 583).
The plaintiff did not file proof of mailing with the clerk of the Watertown City Court per CPLR 308 (2) for service on Mrs. Smithline.
Prior to September 6, 1989, when the plaintiff filed for a default judgment under CPLR 3215 (f) (3), the defendant entered no appearance in the action nor made any response. The Watertown City Court notified all parties that the default application would be heard on October 3, 1989. On October 3, 1989, the defendant’s attorney filed a motion requesting dismissal of the summons and complaint against Philip and Elaine Smithline with prejudice on the merits.
ISSUES
Defense counsel raises several issues. The defendant, Elaine Smithline, alleges she never received the papers mailed to her business office at 520 Woolworth Building.
The plaintiff, furthermore, never filed notice of the CPLR 308 (2) service with the clerk of the Watertown City Court within 20 days after the mailing. (See, CPLR 308 [4].)
The court finds the evidence before it is insufficient to claim no service by mail was done. "The mere denial by plaintiff that he had ever received a copy of the order * * * is insufficient to rebut the inference of proper mailing which may be drawn from [an] * * * affidavit of service * * *. Moreover, service by mail is complete regardless of delivery (see 14 Second Ave. Realty Corp. v Szalay, 16 AD2d 919).” (DeForte v Doctors Hosp., 66 AD2d 792.)
The next two issues raised by the defense brings together in the same case a failure by the plaintiff to comply with the mailing requirement of CPLR 308 (2) and the mailing require *775 ment of CPLR 3215 (f) (3) (i). Defense urges dismissal under both sections for Elaine Smithline and CPLR 3215 (f) (3) (i) for Philip Smithline.
Does the failure of the plaintiff to file the proof of mailing under CPLR 308 (2) deprive the court of jurisdiction? The rule plainly states, "service shall be complete ten days after such filing”. "When CPLR 308 (2) is used, the filing of proof of service is required and must be made within 20 days after service. Service then becomes 'complete’ 10 days later, which means only that the defendant’s responding time * * * in such an instance is 30 days” (Siegel, NY Prac § 72, at 78).
Professor Siegel in his McKinney’s Commentary pointed out: "[A] complete failure to file proof would necessarily imply that the defendant’s time to appear in the action is indefinitely postponed”, and eschewing the solution in Reporter Co. v Tomicki (60 AD2d 947), Siegel said: "[t]his seems an abuse of discretion since the defendant was not in default to begin with. Rather, the court should have followed the procedure set forth in Red Creek National Bank v. Blue Star Ranch, Ltd., 58 A.D.2d 983, 984, 396 N.Y.S.2d 936, 937, where the court wrote: 'Since here the default was entered before the expiration of the 30-day statutory period in which defendant could appear and answer * * * it was a nullity and was required to be vacated on proper motion’ ” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B [1989 Pocket Part], CPLR C308:4, at 227, 228).
In Red Creek Natl. Bank v Blue Star Ranch (58 AD2d 983, 984, supra), the Appellate Division, Fourth Department, added that the default motion should be denied: "regardless of any showing of meritorious defense by [the] defendant.”
In Reporter Co. (supra, at 947), the Third Department noted: "The purpose of requiring the filing of proof of service pertains to the time within which the defendant must answer and does not relate to the jurisdiction acquired by the court upon the service of the summons.”
In both cases the default was set aside and the defendants allowed to. proceed using one of two remedies. The court finds, in the action against Elaine Smithline, using the reasoning of Red Creek Natl. Bank (supra), the time to answer does not commence until the plaintiff files with the court proof of mailing in a form required by CPLR 308 (2) and Elaine Smithline has not defaulted.
Philip Smithline was properly served personally on Septem *776 ber 6, 1988. Defense counsel contends failure to comply with CPLR 3215 (c) because the plaintiff omitted to take proceedings for entry of a default judgment within one year after the default. '
Defense counsel argues because the plaintiff failed to comply with CPLR 3215 (f) (3) (i) he is time barred from applying for a default judgment and, therefore, the action becomes subject to dismissal of the proceeding: under CPLR 3215 (c).
CPLR 3215 (c) bars entry of a défault judgment one year after the default has occurred. Philip Smithline was served on September 6, 1988 and he had 10 days under UCCA 402 to answer or until September 17, 1988 (see, General Construction Law, art 2, § 20). The plaintiff’s application for default was filed with this court on September 6, ¡1989.
The plaintiff did not make the second mailing required in contract cases, to Philip Smithline, 20 days before the entry of the default as required by CPLR 3Í215 (f) (3) (i). This proof should have been included in the default application (CPLR 3215 [e]).
David Siegel noted in such case:
"the worst that can happen if the affidavit of service does not show this mailing is that the plaintiff will be denied a default judgment until the showing is made.
"The requirement, in other words, is not jurisdictional. It has even been held that if a default judgment has already been entered in the case — perhaps suggesting that someone has slipped up in letting that happen — the omission will not qualify by itself as a ground to vacate the judgment. Kirkman /3hree, Inc. v. Priority AMC/Jeep, Inc., 94 A.D.2d 870, 463 N.Y.S.2d 579” (Siegel, NY Prac § 108 [1987 Pocket Part], at 51; see, Pay Tel Sys. v Wal Pow, 143 Misc 2d 762, 763).
In Kirkman /3hree v Priority AMC/Jeep (94 AD2d 870, 871, supra), the court said: "We agree with the position taken by a leading commentator on the CPLR that the entry of a default without compliance with CPLR 308 (subd 5) should not, on a motion to vacate the default, 'automatically entitle [a] defendant to relief from the judgment. If [the] defendant would not ordinarily be entitled to relief under CPLR 317 or 5015 (subd [a]), the judgment should be allowed to stand’ (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.29”.
Philip Smithline was in default on September 17, 1989. The plaintiff in order to perfect this default, in his action on contract, had to submit an affidavit showing additional notice *777 had been given in form and content as described by CPLR 3215 (f) (3) (i) at least 20 days before entry of the default judgment. The plaintiff did not mail the notice and did not file an affidavit.
Plaintiff in Red Creek Natl. Bank (58 AD2d 983, supra) left the door open for the respondent to answer but, in this case, plaintiff closed the door on obtaining a default judgment. Comparing Red Creek Natl. Bank (CPLR 308 [2]) and this case (CPLR 3215 [¶] [3] [i]) a distinction can be discerned. In Red Creek Natl. Bank the court found the time to answer had never expired, whereas in this case not only had the time to answer expired but, also, the time to file for default within one year had run as well. The plaintiff’s failure to mail under CPLR 3215 (f) (3) (i) did not suspend the running of the one-year requirement of CPLR 3215 (c) within which plaintiff was required to file for a default judgment.
The Appellate Division, Fourth Department, found the lack of the required mailing in Red Creek Natl. Bank (supra) resulted in a nullity and refused to allow the default because the CPLR 308 (2) mailing had not been done. The court finds no reason not to apply the same approach in this case where after the default had ripened the plaintiff neglected to mail a copy of the papers to the respondent 20 days before seeking the default judgment. This requirement is a condition precedent to applying for a default in a contract case and, if it is not done, the plaintiff’s application should be rejected until it is done.
If the plaintiff had presented the papers prior to complying with CPLR 3215 (f) (3) (i), he could have been given leave to resubmit them after compliance with CPLR 3215 (f) (3) (i). Because the plaintiff waited until September 6, 1989, to submit the application for a default judgment, and no second mailing was done, any correction by the plaintiff would carry the application date past the one year within which CPLR 3215 (c) mandates the default be perfected.
A plaintiff who fails to file within one year of the default by the respondent has forfeited the right to file his judgment under CPLR 3215 (c). The result is the same whether correct papers were presented after one year has passed or, as in this case, the lack of compliance with CPLR 3215 (f) (3) (i) delays the filing, originally made within one year, to a date exceeding one year.
That portion of the plaintiff’s complaint claiming damages *778 under the theory of contract is denied a default judgment and is dismissed without prejudice and not on the merits under CPLR 3215 (c).
Counsel for the respondents challenges the jurisdiction of the court because the plaintiff requests a judgment in excess of the $10,000 jurisdiction of the Watertown City Court. The plaintiff may consent to a reduction of the award to meet the $10,000 limit (B&R Textiles Corp. v Empire Bias Binding Co., 126 Misc 2d 965, 967). In no event can the judgment exceed the $10,000 jurisdictional limit.
The plaintiff’s application for a default judgment against Elaine Smithline is denied and the defense motion to dismiss is denied as to Elaine Smithline. The court finds that the plaintiff has failed to complete service as required by CPLR 308 (2) and the defendant’s time to answer is still open.
The plaintiff’s application for a default judgment in the case of Philip Smithline in her cause of action in contract is denied under CPLR 3215 (c) for failure to comply with CPLR 3215 (f) (3) (i) and the cause of action for contract is dismissed without prejudice and not on the merits.
The plaintiff’s noncontract causes1 of action against Philip Smithline are not dismissed and the defendant has defaulted as to those causes of action.