ELIZA F. COLES, Plaintiff, *v.* JOHN J. CARROLL et al., Respondents, and FANNIE E. WALLACE, Appellant.

Argued January 6, 1937; decided January 19, 1937.

*Arthur I. Strang* and *Stuart O. Freeman* for appellants. The motion to vacate the judgment in so far as it attempts to adjudicate that the defendant, appellant, had no interest in the premises should have been granted because no answer of any defendant was served upon her and any judgment affecting her rights is void. (Civ. Prac. Act, §§ 264, 1022; *New Netherland Bank* v. *Boucheron Co.*, 122 Misc. Rep. 690; *McLear* v. *Balmat*, 194 App. Div. 827; *Weston* v. *Stoddard*, 60 Hun, 290; 137 N. Y. 119; *Edwards* v. *Woodruff*, 90 N. Y. 396.) The motion to vacate the judgment and order was proper. (*Clapp* v. *McCabe*, 155 N. Y. 525; *Bouker Contracting Co.* v. *Neale*, 161 App. Div. 617; *Fidelity & Casualty Co.* v. *Marendino*, 202 App. Div. 24; *Greenfield* v. *Greenfield*, 215 App. Div. 504; *Manhattan Beach Co.* v. *Bonner*, 123 Misc. Rep. 441.)

*Harold Swain, J. Leo O'Brien* and *Israel Lavenburg* for John J. Carroll et al., respondents.

*Conrad H. Sullivan* for Marie F. Borrelli, as administratrix of the estate of Gaetano Borrelli, deceased, et al., respondents. The Special Term was without jurisdiction to entertain the motion to vacate. (*Kirkpatrick Home* v. *Kenyon*, 209 App. Div. 179; *Silverstein* v. *Standard Accident Ins. Co.*, 221 N. Y. 332; *Macomber* v. *Sterling*, 230 App. Div. 598.) The judgment as entered was proper. (*Van Cortland* v. *Beekman*, 6 Paige, 492; *Allen* v. *Litchard*, 93 Misc. Rep. 197; 179 App. Div. 959.)

Rippey, J. This is an action for partition of certain premises located in the town of Mamaroneck, Westchester county. The complaint and notice of pendency of the action were filed on April 18, 1928. The plaintiff alleged that she and the defendant Fannie Eliza Wallace were seized and possessed in fee simple absolute as tenants in common of the said premises, the plaintiff owning an undivided one-fourth part and the defendant Fannie Eliza Wallace an undivided three-fourths part thereof, and that the other defendants named had or claimed to

have some interest in the premises which were clouds upon the title thereto.

All of the defendants were served with the summons and complaint. The defendant Wallace neither appeared nor answered. The defendant Gaetano Borrelli appeared by attorney and answered. He denied all of the material allegations of the complaint and asserted, by way of separate defenses and counterclaims, that he was seized in fee and possessed of a part or of the whole of said premises by virtue of certain conveyances and transfers of tax liens assigned to him on May 21, 1926. He demanded that it be adjudged that he was seized and possessed of the fee in and to the premises referred to in paragraphs numbered fifth and sixth of his answer, and that the complaint be dismissed in so far as it affected the premises in which he had an interest, and that he have other or further relief as might be proper. A number of the other defendants appeared and interposed answers containing general denials and demands that the complaint be dismissed, with costs. None of the answers were served upon the defendant Wallace.

The action proceeded to trial and a decree was entered on April 10, 1931, which adjudged " that the plaintiff's complaint herein be, and the same hereby is, dismissed on the merits, and that the plaintiff and defendant, Fannie Eliza Wallace, have neither any right, title, or interest in, nor any claim to or concerning said premises or any part thereof, either individually or as co-owners," and that the defendants appearing be awarded costs against plaintiff. An appeal was taken by plaintiff to the Appellate Division, where the decree was modified on the subject of costs, but, otherwise, unanimously affirmed. Judgment was entered on the order of the Appellate Division on May 29, 1934. An appeal was taken by plaintiff to this court, but was dismissed in the fall of 1934 for non-prosecution. In the meantime Borrelli died leaving a widow and infant heirs. The widow was appointed administratrix and a

guardian *ad litem* was appointed for the infants and they were made parties defendant herein.

On May 21, 1935, the defendant Wallace moved at Special Term to vacate and set aside the aforesaid judgment and decree of April 10, 1931, and the judgment entered upon the affirmance by the Appellate Division, in so far as it was thereby adjudicated " that the defendant, Fannie Eliza Wallace, has neither any right, title or interest in nor any claim to or concerning said premises or any part thereof, either individually or as co-owner thereof." Motion of defendant Wallace was denied, and again, on resettlement, denied and the orders entered thereon were affirmed on appeal. The Appellate Division granted leave to appeal to this court and certified for our determination the question, " should the motion of the defendant-appellant, Fannie Eliza Wallace, have been denied?"

The provisions of sections 264 and 1022 of the Civil Practice Act provided the practice to be followed in the partition action. There it is said that the title or interest of any party to the action in the property sought to be partitioned may be put in issue, and, if put in issue, must be tried and determined; where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and, at least twenty days before trial, serve a copy of his answer upon the attorney for each of the defendants, to be affected by the determination who has appeared by attorney, and personally, or as the court or judge may direct, on each of the defendants who will be affected by such a determination who has not appeared by attorney. Without service of the Borrelli answer upon her, defendant Wallace might safely rest upon her default in appearance or pleading and assume that her interest in the property would not be adjudged to be different than set out in the complaint. None of the parties to this action put in issue her ownership of an undivided three-fourths

interest in the property by any pleading of which she had notice, and the judgment that she had no interest therein was unauthorized and void. (*Edwards* v. *Woodruff*, 90 N. Y. 396; *Ostrander* v. *Hart*, 130 N. Y. 406, 413.) She could attack or resist the unauthorized judgment in any manner that she might elect. Her motion to vacate was proper and timely and should have been granted. (*Clapp* v. *McCabe*, 155 N. Y. 525.)

The orders should be reversed, with costs to the defendant Wallace in this court and in the Appellate Division, and the matter remitted to the Special Term with directions to enter an order for the relief demanded, with costs. The question certified should be answered in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Ordered accordingly.