ARTHUR HELFGOTT, Plaintiff, *v.* JOHN S. TANNEN et al., Defendants.

Supreme Court, Special Term, Bronx County, April 25, 1955.

336

*Jack Flamhaft* for plaintiff.

*James A. Doherty* and *Antoinette M. Rossi* for National Transportation Co., Inc., defendant.

MATTHEW M. LEVY, J.   This is a motion by the plaintiff to transfer the action from the City Court of the City of New York to this court, and for leave to serve an amended complaint increasing the amount sued for from $6,000 (the limit of the City Court's jurisdiction) to $50,000.   The suit is for damages for injuries claimed to have resulted from the negligence of the operator of a public conveyance, of which plaintiff was a passenger for hire.   The accident occurred on February 13, 1954, and the City Court action was instituted on April 29, 1954.

It may be, as claimed by the defendants, that the grievousness of the injuries was or should have been known by the plaintiff or his attorney at the time the City Court action was instituted. Of that I am not convinced; but in any event I do not feel that on that ground alone the plaintiff should be deprived of the opportunity to prove facts warranting adequate compensation for his claim.   Notwithstanding the current and recurrent necessitous purpose of the Supreme Court in this metropolitan area to cast off litigation that should belong to so-called inferior courts (cf. *Friedman* v. *Strand,* 203 Misc. 170), it is at least if not more important that an aggrieved litigant be not prevented from obtaining the full measure of justice available in our system

for any wrong that may have been done him. In this case, the plaintiff sufficiently establishes that his damages for loss of earnings and medical expenses without more exceed the monetary jurisdiction of the City Court. In addition, the claim that the plaintiff's personal injuries are serious and permanent is sufficiently supported by medical expert testimony. Where a plaintiff in good faith institutes his action in a lower court, and he subsequently ascertains that the damages actually suffered substantially exceed the first court's jurisdiction, he should not be permanently frozen in the tribunal first chosen. Such a rule is both unwise and unjust. If the law were otherwise, prospective plaintiffs would be apt to protect themselves by suing in the Supreme Court in the first place, and thus adding to the calendar congestion in that busy tribunal — rather than selecting at the outset the court more appropriate in the light of the damages then ascertainable.

Not that it would appear to make a necessary difference were the contrary the fact (see *Toolis* v. *Naotasi*, 240 App. Div. 849), I note that the Statute of Limitations has not run here (Civ. Prac. Act, § 49, subd. [6]); and, if a transfer from the City Court to the Supreme Court is impermissible, the plaintiff can discontinue the City Court action and start anew in the Supreme Court. If this court has the power of removal, if the proper procedure has been invoked by the plaintiff for that purpose, and if the facts presented warrant the transfer requested, I see no need to compel the plaintiff to adopt the device of discontinuance of the old and institution of the new action. The existing multiple court system in this city is already, in my view, properly subject to some objection — which the justices and judges of the several courts are unable, on their own, entirely to obviate. If, perchance, a plaintiff selects the wrong tribunal for the presentation of his claim, he must be shunted from that court to another. If, in addition, he were compelled to indulge in the doubtful luxury of compulsory withdrawal of that suit altogether and the required commencement of the action again, that would but emphasize the present structural defect without commensurate advantage. Efforts are being made by Bench and Bar and public to substitute for the present setup a consolidated court with various departments (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 58; Seventeenth Annual Report of N. Y. Judicial Council, 1951, p. 53; Report of Temporary Commission on the Courts, pp. 17–19 [N. Y. Legis. Doc., 1955, No. 45]). In the meanwhile, if this court on this application may direct the transfer the rigor inherent in the existing judicial organization

may be somewhat mitigated. (See Prashker on New York Practice [3d ed.], p. 13, § 21.)

Section 110-a of the Civil Practice Act provides for " *Removal from court of limited jurisdiction* ". Subdivision 1 is a specific expression of power: " Whenever in any action or special proceeding it shall appear  * * *  that the damages sustained are greater in amount than originally alleged, claimed or prayed for in any pleading and the court in which such action or proceeding is pending  * * *  is not empowered to award a judgment for such increased amount,  * * *  the action or proceeding may be removed to a court having the proper jurisdiction." The authorities agree in sustaining and effectuating this grant or recognition of power. Accordingly, the motion will be granted.

No point has been made of it by the defendant in opposition to the motion, but I feel impelled to undertake a consideration of the matter of the procedure adopted by the plaintiff on this application. I engage in this excursion because it may be that the issue will arise elsewhere.

Subdivision 2 of section 110-a of the Civil Practice Act prescribes the procedure: " An application for such removal may be made by the aggrieved party or his attorney to a judge or justice of the court to which it is sought to remove such action or proceeding upon five days' notice thereof given to the opposite party or his attorney. Such judge or justice, if satisfied by documentary proof or otherwise that the circumstances are such as to entitle the applicant to the relief sought, shall make and enter an order granting the application and directing the removal of such action or proceeding to the court of which he is a judge or justice."

It seems to me that the moving party in the instant case has *not followed* the procedure established by the Legislature for the desired removal. The defect is not that notice was given that the proponent " will move this Court at a Special Term Part I thereof for an order transferring " the cause, rather than applying " to a judge or justice of the court ", as provided in the statute. That can be overlooked, because what a justice of the Supreme Court may direct out of court he may do in court (Civ. Prac. Act, §§ 128, 65).

The problem arises from the fact that the present application is made by one Arthur Helfgott, entitling himself as a plaintiff in a Supreme Court action, naming John S. Tannen and National Transportation Co. Inc., defendants, and asking that the Supreme Court issue " an order transferring the within case from the

City Court of the City of New York, County of Bronx, to the Supreme Court of the State of New York, County of Bronx''. The '' within case '' is a City Court action. There is no action now pending in the Supreme Court. No summons has been issued or served in the Supreme Court (Civ. Prac. Act, § 218). Helfgott is not now a plaintiff here; nor is Tannen or National a defendant here. We deal not with a motion to transfer to this court, and to consolidate with an action already here, a cause previously instituted and now pending in another court (Civ. Prac. Act, § 97) — the practice with respect to which is clear and frequently utilized (see *Denton* v. *Koshfer,* 201 Misc. 394). Were the issue raised I should have held that the proper practice (whereby § 110-a might be invoked) is to apply to a justice of this court, upon notice, by way of a special proceeding to effectuate the removal requested (see 11 Carmody on New York Practice [1954 supp.], § 935a). The correct title of the proceeding would be substantially as follows: '' In the Matter of the Application of Arthur Helfgott, Petitioner, to Remove to the Supreme Court, Bronx County, an Action Now Pending in the City Court of the City of New York, Bronx County, Entitled: Arthur Helfgott, Plaintiff, against John S. Tannen and National Transportation Co., Inc., Defendants.'' (See *Matter of Hausman,* 280 App. Div. 942, and *Matter of Victor* v. *De Maziroff,* 275 App. Div. 69, affd. 300 N. Y. 686.) If my view of the proper procedure is correct, then the first set of forms printed in volume 1 of Bender's Forms for the Civil Practice Acts (pp. 343–349, forms 182–184, as compared with pp. 350–359, forms 185–187) is inappropriate. That such forms were based upon the records in certain cases is of no moment, because there, too, the issue of proper procedure does not seem to have been raised or pressed.

The present motion is granted — for the court has the power, the facts warrant its exercise, and the procedure has not been objected to. Settle order.