Matthew M. Levy, J.
Claiming an unlawful rent overcharge, the plaintiff (a tenant) served a summons and “ oral ” complaint upon the defendant (the landlord) in the Municipal Court of the City of New York (N. Y. City Mun. Ct. Code, § 78). The plaintiff seeks to recover the treble damages and reasonable attorney’s fees authorized by the State Residential Rent Law (§ 11, subd. 5; L. 1946, ch. 274, as amd.). The amount sued for is $3,737, which is in excess of the jurisdiction of the Municipal Court (N. Y. City Mun. Ct. Code, § 6). Alleging her mistake in the choice of the court, the plaintiff seeks by this application to remove the action to the City Court of the City of New York, whose monetary jurisdiction is larger and adequate.
The defendant does not deny that the plaintiff’s initial selection of the forum was due to mistake. Nor is objection presented by the defendant to the procedure adopted by the plaintiff on this motion (Helfgott v. Tannen, 208 Misc. 335, 338-339). It is urged in opposition (1) that since the Municipal Court had no jurisdiction, there is nothing to transfer; and (2) that since the emergency rent laws established a short specific statutory period of limitation (one year, now already expired) transfer of the action would, to the defendant’s detriment, result in circumventing this provision of the legislative enactment.
I must say that I am not impressed with the defendant’s arguments. Section 110 of the Civil Practice Act was designed, I think, to afford relief in a situation such as this. There, it is expressly provided that ‘ [n]o action or special proceeding shall fail or be dismissed on the ground of a mistake in the court in which the action or proceeding is brought, but in such case, a justice of the supreme court, upon such terms as may be just, may remove the action or proceeding to the proper court, by *649 order.” No cases have been cited by either party. But if this statute means anything at all, it must mean that the inadvertent mistake made here is not a fatal one, and that this court has the power, and, in a proper case, should exercise its discretion, to direct removal to a court of appropriate monetary jurisdiction. It is not (and could not be validly) disputed that — were it not for the amount in suit — the Municipal Court had basic jurisdiction of the action. That differentiates the case at bar from Acker v. Hanioti (276 App. Div. 78, 276 App. Div. 894) where the cam-plaints were equitable in nature, and the court held that ‘ ‘ [s]ince the Municipal Court lacks * * * jurisdiction” (p. 81), this “ is not a suitable action to be transferred to the Supreme Court under section 110 of the Civil Practice Act. Respondents can commence in the Supreme Court whatever action or actions the facts, if properly pleaded, may justify them in instituting.” (p. 894.) (See, also, Matter of Yaras [City of Albany], 283 App. Div. 214, 218-219.)
As to the second ground of the defendant’s objection, I should have assumed that, rather than the transfer resulting in a detriment to the defendant, it might be thought that the transfer would benefit the defendant’s legal position — since the action will have been brought in the City Court more than a year after the cause of action arose — and subdivision 5 of section 11 of the State Residential Rent Law provides that (where a landlord receives rent from a tenant in violation of a regulation or order prescribing a maximum rent with respect to the housing accommodations for which such rent is received from such tenant) the tenant paying such rent must bring an action against the landlord on account of the overcharge ‘ within one year from the date of the occurrence ”. Indeed, the holding in Stein v. Aintablian (100 N. Y. S. 2d 90) would seem to support that thought. There, too, a tenant sued to recover an overcharge of rent. The action was brought in the Onondaga County Court for over $5,000 and was based upon the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, § 1881 et seq.). That statute allowed suit to recover the amount in any Federal or State court of ‘ competent jurisdiction ” within a prescribed period of one year (U. S. Code, tit. 50, § 1885, subd. [c]). The amount demanded was in excess of the jurisdiction of the County Court, then subject to a $3,000 maximum, and the action was transferred to the Supreme Court. The suit was originally brought within the prescribed period, but at the time of the transfer, more than one year had elapsed. The question arose whether the action was barred. The court held that it was — since it was not brought in a court of “ competent jurisdiction ’’within the prescribed one-year period. *650 At this point, I want to note that, to at least one student of our civil procedure, “ the decision appears unsound ” (Prashker on New York Practice [3d ed.], p. 13, § 21, n. 6); and that I, too, disagree with the learned court.
The Municipal Court pleadings are not before me, but I glean from the papers that are here that the defendant’s answer in that court sets forth a general denial and a plea of the Statute of Limitations. Section 110 expressly provides that “ [w]here an order for removal is made as prescribed in this section, the subsequent proceedings must be the same as if the action or proceeding had been instituted in the court to which the removal is made. ’ ’ Removal to the City Court is not the commencement of the action in that court. The date of the institution of the suit was when the action was commenced in the Municipal Court. The defendant is not deprived of his claimed defense of the Statute of Limitations (interposed in the Municipal Court) by virtue of the removal of the action to the City Court. If the affirmative defense was good in the Municipal Court, then it remains valid, and will continue so in the new forum. The pleadings and the issues (except as to the amount of damages and the lack of monetary jurisdiction in the court) will remain the same in the City Court.
If, however, I am in error in the view that the change of the forum will not enable the plaintiff to circumvent the provisions of the emergency rent laws (as urged by the defendant would be the result), the statute itself contains a protective shield. Section 110 of the Civil Practice Act permits removal of the cause to the proper court “ upon such terms as may be just ”. The removal here will be ordered, therefore, upon condition that the plaintiff stipulate that it will not be contended that, on the basis of such transfer or of the forthcoming pendency of the action in the City Court, she secured greater rights under the statute (except as to the amount in suit) than she had were the action to be prosecuted to final judgment in the Municipal Court. In consequence, I cannot see how — from any point of view — the removal can be of any prejudicial detriment to the defendant in any just legal sense.
The motion to remove is granted accordingly. Settle order.