■ In the Matter of ERNEST GOLDSTEIN, Appellant, against M. MONROE FASS et al., as Executors and Trustees of ISAAC FASS, Deceased, Respondents. — Appeal from an order of the Supreme Court, Kings County, which on reargument adhered to the original determination denying appellant's application (1) to remove to said court, pursuant to section 110-a of the Civil Practice Act, an action to recover damages for personal injuries pending in the City Court of the City of New York, Kings County, and (2) for leave to serve an amended complaint so as to allege damages of $30,000. Order affirmed, with $10 costs and disbursements. In view of the combination of the unreasonable delay on the part of appellant in making the motion, after full knowledge of the alleged extent of the injuries, and his failure to show prima facie that the $6,000 monetary jurisdiction of the City Court was clearly inadequate for full compensation for his injury, the Special Term did not improvidently exercise its discretion (cf. *Matter of Hausman,* 280 App. Div. 942; *Helfgott* v. *Tannen,* 208 Misc. 335). Wenzel, Acting P. J., Beldock and Ughetta, JJ., concur; Hallinan and Kleinfeld, JJ., dissent and vote to reverse the order and to grant the motion on the grounds that (1) appellant made a prima facie showing of severe injuries and substantial damages, (2) the determination of the amount of appellant's damage is for the trier of the facts, based upon all the proof to be adduced at the trial, and (3) the respondents failed to show any substantial prejudice by the granting of this motion.

■ In the Matter of SARAH LEVINE, Respondent, against MAX SIMON, Appellant.— In a proceeding pursuant to section 793 of the Civil Practice Act, the appeal is (1) from an order dated March 12, 1958 which resettled an order dated January 3, 1958 directing appellant to pay $30 a week to respondent on account of a judgment, and (2) from an order dated March 18, 1958 granting reargument of the application for installment payments, and adhering to the original decision. Order dated March 18, 1958 unanimously affirmed, without costs. In our opinion the record justifies the finding of the Special Term that appellant was receiving at least $100 a week from his business. Considering the reasonable requirements of appellant and his wife (Civ. Prac. Act, § 793), in the circumstances of this case it was proper to direct that appellant pay $30 a week. Appeal from order dated March 12, 1958 dismissed, without costs. (Cf. *Manfra* v. *City of New York,* 6 A D 2d 817.) Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of SARAH LEVINE, Respondent, against MAX SIMON, Appellant.— Appeal from an order adjudging appellant in contempt of court for having failed to pay certain installments as directed by an order pursuant to section 793 of the Civil Practice Act, and fining him $100 in addition to the arrears of $90. Order modified so as to provide that appellant pay only the arrears of $90. As so modified, order affirmed, without costs. The limit of the fine that may be imposed herein is $90 (Judiciary Law, § 773; *Barnard* v. *Barnard,* 251 App. Div. 745). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.