Matthew M. Levy, J.
Amelia Smith sustained personal injuries in November, 1949. She sued Tripp Realty Corp. to recover therefor. Her attorneys were one Rocklin and one Pishback. Tripp’s insurance carrier was Maryland Casualty Company. The lawyers representing Maryland and appearing for Tripp in that action were Rafferty & Kane. In February, 1950, Amelia Smith assigned to the Commissioner of Welfare of the City of New York the proceeds of any recovery to be realized in that litigation. Notice of the assignment was given by the Commissioner to the parties above named. The litigation urns settled in May, 1950, and payment made to the plaintiff therein, without notice of the settlement or payment of the proceeds to the Commissioner, as required by the assignment. Thereafter, in May, 1956, he instituted an action to recover $2,436.50, the loss occasioned thereby to the Department of Welfare. The action was brought in the Municipal Court of the City of New York, Borough of Manhattan, First District, against those participants in the settlement who were still available and solvent,
*992 Describing himself as a plaintiff in this court, and the Municipal Court defendants as defendants here, the Commissioner has applied before me ‘ ‘ for an order removing and transferring the trial of the said action from the Municipal Court of the City of New York, to the Supreme Court of the State of New York, County of New York, and directing the Clerk of said court to place the cause on the Trial Term Calendar for trial.” The basis for the relief requested is that the action is an equitable one, that the Municipal Court has no jurisdiction over such an action and that the plaintiff had mistakenly selected that .forum for his suit. The motion must be and is denied.
There is no such action as above entitled now pending in this court, and the Commissioner is in error at this time in naming himself as the plaintiff and his adversaries as the defendants on this application. I have had occasion to point out heretofore that the procedure thus adopted by the applicant is incorrect (Helfgott v. Tannen, 208 Misc. 335, 338-339). I shall, however, overlook this defect.
The only statutory base upon which the movant may likely rely, in order that the “ trial” may be “ removed and transferred ” from the Municipal Court to this court, is section 189 of the Civil Practice Act, which empowers the Supreme Court, in a proper case, to ‘ ‘ make an order directing that an issue of fact joined in an action or special proceeding pending in any other court of record * * * be tried at a term of the supreme court in another county on such terms and under such conditions as it deems just ”. This section does not at all apply to the present situation. First, the action involved is pending in the same (New York) county. Secondly, no ground has been presented by the movant justifying the invocation of this statute. Thirdly, since the provision does not imply basic removal of the action to the Supreme Court, and involves merely the trial of the issues here (Prashker, New York Practice [4th ed.], § 304A, pp. 561-562), the fundamental defect sought to be rectified by the moving party — the pendency of an action in equity in the Municipal Court, which has no jurisdiction of such an action (N. Y. Const., art. VI, § 18; N. Y. City Mun. Ct. Code, § 6) — remains uncorrected. I shall also pass the inappropriateness of the prayer for relief and assume that what is really desired is not only a change as to the trial of the cause, but a complete removal of the action itself from the Municipal to the Supreme Court. This, too, is impermissible.
Section 110 of the Civil Practice Act is relied upon by the .moving party. It provides that “ [n]o action or special proceeding shall fail or be dismissed ón the ground of a mistake *993 in the court in which the action or proceeding is brought, • but in such a case, a justice of the supreme court, upon such terms as may be just, may remove the action or proceeding to the proper court, by order.” The language is simple and clear. But the application of the statute to specific cases has created problems. The difficulties that arise come not from the statute itself, but rather from the possible consequences that would probably result if the plain language of the section were literally applied. And, therefore, a distinct line of demarcation appears to have been drawn by the courts, albeit the reasons therefor are in the main unexpressed.
The multiple court system in our town is of constitutional and statutory making. Reform, no doubt, is in order. However, organic reconstruction, if any there is to be, is within the . ultimate province solely of the People and their legislators. At the present time, the Judge must take it as it now is. And, particularly, is the nisi prius Judge limited in seeking to overcome the defect. I think I went as far as I should in Bazier v. David (1 Mise 2d 647, infra). I believe that I cannot, on my own, go further. The courts recognize that, if the statute were held applicable (as its express terms would seem to warrant), there would be nothing to prevent a disinterested, lethargic, negligent, incompetent or mischievous suitor from commencing any kind of an action in any court of limited jurisdiction, and, some time later, on the plea of mistake and as a routine matter, have the action transferred to the proper tribunal. If such a practice were permitted to develop, the problems inherent in our multiple court system would most likely deteriorate into a state of jurisdictional chaos and procedural confusion. The courts, when called upon to apply section 110, have undoubtedly been apprehensive of the resulting evil. In order to avoid it, and, at the same time, to give effect to the purpose of the section, I have, as a pragmatic matter, divided the cases into two broad classes.
One of these classes includes those cases where the original action was brought in a court which had some semblance of jurisdiction in the premises. For example, in Bazier v. David (1 Misc 2d 647, supra), plaintiff had instituted an action in the Municipal Court for $3,737, an amount which exceeded the monetary jurisdiction of that tribunal by a few hundred dollars, and plaintiff sought to have the case removed to the City Court. In granting plaintiff’s motion, I said (pp. 648-649): “ Section 110 of the Civil Practice Act was designed, I think, to afford relief in a situation such as this * * * [If] this statute-means anything at all, it must mean that the inadvertent mistake-made here is not a fatal one, and that this court has the power, *994 and, in a proper case, should exercise its discretion, to direct removal to a court of appropriate monetary jurisdiction. It is not (and could not be validly) disputed that — were it not for the amount in suit — the Municipal Court had basic jurisdiction of the action.”
The other class of cases is exemplified by the situation in Simon v. Schmitt (137 App. Div. 625) where a suit was brought in the Municipal Court to compel specific performance of a covenant in a lease. Such an action is in equity, and the Municipal Court does not have power to grant equitable relief in any respect (N. Y. City Mun. Ct. Code, § 6). In passing upon the powers of the Municipal Court, the Appellate Division cited section 18 of article VI of the New York State Constitution which, in part, provides that the “ Legislature shall not hereafter confer upon any inferior or local court of its creation any equity jurisdiction.” In considering the contentions of the parties, the court went on to say (p. 627): “ It is said that the trial of the questions of fact and law upon which the right to specific performance depends, and the adjudication of such right is not the exercise of equitable jurisdiction so long as a formal decree, directing specific performance, is not entered.” The court completely discounted this argument, stating that the ‘‘ constitutional inhibition has reference to substance, not mere form. It was not intended that the Supreme Court should be an arm of the Municipal Court to direct the entry of decrees upon its adjudication.”
The Simon case {supra) was cited favorably in Acker v. Hanioti (276 App. Div. 78), wherein the court held that a certain action pending in the Municipal Court was equitable in nature and should have been dismissed. Later, an application for reargument or for leave to appeal to the Court of Appeals was submitted and apparently an effort was made to avoid the determination of dismissal by seeking a transfer of the action out of the Municipal Court. The motion was denied, the Appellate Division saying that “ [t]his is not a suitable action to be transferred to the Supreme Court under section 110 of the Civil Practice Act ” (Acker v. Hanioti, 276 App. Div. 894). Again, in Matter of Yaras (City of Albany) (283 App. Div. 214, 219, affd. 308 N. Y. 864), in determining the limited province of section 110 — notwithstanding its sweeping provisions — the court held that the statute ‘ ‘ has no application to a case in which it is claimed that the proceeding originally instituted was wholly invalid and that another proceeding of a different type should have been brought in another court.”
*995 All that is presented to me in respect of the issues of the action pending in the Municipal Court are the short-form complaint and short-form answer in common use in that tribunal. I do not say, therefore, that the action is one in equity. As I view the matter, it is not for me to resolve that now. I have taken for granted that, as stated by the applicant, he was “ in error ” in that he “ instituted an equitable action in the Municipal Court ”. If so, the motion for a transfer to this court must be and is denied. That, as pleaded by the proponent, the Statute of Limitations will now bar an appropriate suit in the Supreme Court may be a regrettable circumstance;* but, in the light of the established precedents, it can have no valid bearing upon the disposition of this application.
An order of denial has been signed and entered.

 (However, see Civ. Prac. Act, § 53; Carmody, Hew York Practice, 7th [Forkoseh] ed., § 231, p. 243.)