Matthew M. Levy, J.
Involved here are two actions and one proceeding supplementary to judgment. Pour motions therein came before me. They were heard, and will be disposed of, together. The principal issue raised is whether the judgment is void. The operative facts are as follows:
In March, 1957, Erba Corporation contracted to sell to the Pauls, Indian nationals and residents, and the latter contracted to buy, certain merchandise on specified terms and at a stipulated price. It is asserted by Erba that the Pauls breached the agreement and, for present purposes, that may be assumed to have been shown to be the fact. While the Pauls were temporarily visiting New York City, they were duly personally served on December 21, 1957 with a summons, issued by Erba, as the plaintiff, and naming the Pauls as defendants. A complaint did not accompany the summons, but the summons contained a notice indicating that judgment for $50,000 plus interest from January 1, 1957 and costs would be entered in the plaintiff’s favor if the defendants defaulted. There was such default. The complaint, subsequently verified, alleged a breach of contract which resulted in, and the plaintiff demanded, damages of $168,790.93, plus interest from April 1, 1957. Judgment thereon was, in pursuance of the usual ex parte proof taken before the *187 court (Nathan, J.), and, upon ex parte application, directed (McGivern, J.) on May 20, 1958 to be entered on default for $168,790.93 with interest from April 1,1957, together with costs. Thereafter, and on May 23, 1958, default judgment was entered by the Clerk for $180,346.43, which sum included interest and costs. On August 4, 1959, the judgment creditor caused one of the Pauls to be personally served in New York City with a subpoena for examination in proceedings supplementary to judgment, which subpoena contained the usual restraint against disposition of the debtors’ property. Paul defaulted on the date fixed for the examination. Thereafter, and on August 12, 1959, a warrant was issued by the court ( Capozzoli, J.) for Paul’s arrest. In view of Paul’s absence from the jurisdiction, service of the warrant was not effected. On August 28, 1959, a third-party subpoena in the supplementary proceedings was served by the judgment creditor on the Irving Trust Company, containing the usual stay. Information was obtained by the judgment creditor that the Pauls were the true beneficial owners of substantial amounts in the names of others whose accounts were in the Irving Trust. Erba, then, alleging damages for breach of contract amounting to $168,790.93, and the judgment thereon for $180,346.43, instituted an action on September 16, 1959 against Irving Trust (and the Pauls, too, but they have not been served with process) to set aside certain conveyances pertaining to these accounts and alleged to have been fraudulently transferred.
The matter now comes to a head on the presentation of the four motions heretofore referred to. By motion No. 104, an application is made by Erba, as plaintiff in the suit last mentioned, for an injunction, pending trial of the equity action to annul the claimed fraudulent transfers, to restrain disposition of the funds on hand in these accounts in Irving Trust. Motion No. 105 is an application made in the supplementary proceedings in which the Pauls are the judgment debtors. Appearing specially therein, they seek by that motion the vacatur of the subpoena served on the judgment debtor Paul and of the warrant of arrest based upon the subpoena after default thereon, on the ground of the invalidity of the basic judgment. Motion No. 106 is captioned in the original action at law in which the judgment was secured, in the supplementary proceedings against the Pauls as judgment debtors, and in the equity action brought by Erba against Irving Trust and the Pauls. That motion is brought by the plaintiff-judgment creditor for an order striking the special appearance and enjoining the debtors from any further proceedings until they have purged themselves of con *188 tempt of court for their default in the supplementary proceedings, and denying the motion by the judgment debtors to vacate the subpoena served on Irving Trust, or, in the alternative, reducing the judgment heretofore entered on May 23, 1958, nunc pro tunc, to the sum of $50,000 with interest from April 1, 1957, and continuing the subpoenas and other proceedings supplementary to said judgment, as amended, in the reduced amount and fixing a new return date for the examination of the debtors. Motion No. 107 is also an application in the supplementary proceedings, and is brought by the debtors, appearing specially, for vacatur of the subpoena served on Irving Trust, on the ground that the judgment on which the subpoena is based is void.
At this point it would be well to note the relevant provisions of the Civil Practice Act and Rules. Rule 46 of the Rules of Civil Practice provides that “ [i]f an action be brought for the breach of an express contract to pay absolutely, or on a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation only; or on an express or implied contract to pay money received or disbursed, or for the value of property delivered, or for services rendered by, to, or for the use of, the defendant or a third person; and the complaint be not served with the summons, the plaintiff may serve with the summons a notice stating the sum of money for which judgment will be taken in case of default”. Section 486 of the Civil Practice Act provides, in substance, that in an action of the type referred to, where “ a notice stating the sum of money for which judgment will be taken in case of default was served with the summons, * * * the plaintiff may take judgment by default ’ ’.
It will be recalled that the original action had been commenced by the service of a summons with notice by which the defendants were informed that, in the event of default in responding to the summons, judgment would be taken against them in the sum of $50,000 with interest from January 1, 1957. Thus, under the rule, the defendants had notice that an action in contract had been instituted against them and that judgment would be taken as indicated if they did not respond; and they did not. Thereafter, such proceedings were taken by complaint and affidavit that judgment was entered by the plaintiff against those defendants in the sum of $180,000 (in round figures) with interest having been computed as from April 1, 1957, upon a contract described in the papers as having been made in March, 1957.
The basic question here, is, as I stated at the outset, whether the judgment as entered was invalid in its entirety. No precedent on all fours has been furnished by any party and, absent *189 applicable authoritative determinations, “ [n]o rule or measure has ever been devised by which we may determine in every case, with definite certainty, whether a defect is jurisdictional or a mere irregularity which may be disregarded or amended.” (Judge Lehman in Valz v. Sheepshead Bay Bungalow Corp., 249 N. Y. 122, 134.)
There are, however, broad lines of demarcation that can be drawn. For example, in such cases as were cited to me, and where the judgment was declared to be void, the judgment was in fact taken upon an entirely different cause of action and for different relief than on a contract action. (Clapp v. McCabe, 155 N. Y. 525, 532-533; Matter of Miller, 257 N. Y. 349, 356; Coles v. Carroll, 273 N. Y. 86, 89-90; Sivakoff v. Sivakoff, 280 App. Div. 106, 107-108.) In my view, the contention cannot validly be raised that the present judgment is based upon an entirely different cause of action. The rule and the notice taken together import that the plaintiff was suing upon breach of contract, and the judgment as entered was based upon contract and breach.
There are two obvious variances between the judgment and the notice. First, while the notice demanded interest from January 1, 1957, the papers supporting the judgment indicate a March, 1957 contract and interest from April 1, 1957. I do not believe this to be a fatal deviation. The second variance is in the amount of the recovery as compared to the amount demanded in the notice. While, at the time of judgment, the court was without jurisdiction to grant relief in excess of $50,000 with interest, as specified in the notice, yet this kind of diversity seems to me not to justify a conclusion that the judgment is upon a different cause of action and for different relief, and that, as a consequence, the'judgment was entirely invalid. (Of. my decisions in another but not unhelpful field: Basier v. David, 1 Misc 2d 647; McCarthy v. Rocklin, 25 Misc 2d 991.) As I see it, it is rather upon the same cause of action and for larger relief.
I hold, then, that the judgment is not void, but that, to the extent that a larger amount was awarded, the court exceeded its jurisdiction, since the defendants had no notice of the plaintiff’s purpose to seek more than the amount specified in the summons. (Cf. Michalowski v. Ey, 7 N Y 2d 71, 75-76.) In all the circumstances, I would say, therefore, that the judgment is valid to the extent of $50,000 and interest from April 1, 1957, plus costs. And, in the light of this conclusion, I hold that the judgment, the subpoenas and the warrant may not be vacated as having no jurisdictional foundation. It follows, too, that the *190 plaintiff-judgment creditor’s application for reduction of the judgment, nunc pro tunc, should be entertained and that the papers in the action and the supplementary proceedings should be corrected accordingly.
Erba’s application to vacate the special appearance of the defendants Paul raises another interesting — but I think, by now, largely a formal — problem. There is no dispute that the Pauls were duly personally served with process in this State in the initial suit and in the proceedings supplementary to judgment. And I have held that the court had jurisdiction to award judgment by default for the cause of action sued upon in the amount demanded in the notice. Nevertheless, I think that the defendants Paul were entitled, in view of the face amount of the judgment and of its excess over the amount stated in the notice served upon them, to interpose a special appearance whereby the jurisdiction of the court over the augmented or substituted subject matter of the action, or over their person in the light thereof, might be contested without the defendants being placed in jeopardy of being held to have conceded the jurisdiction of the court over the subject matter or over their person (cf. Everitt v. Everitt, 3 A D 2d 413, 414, affd. 4 N Y 2d 13).
However, I am of the opinion that the special appearance is now inappropriate as a continuing vehicle. upon which the defendants are entitled to proceed. For the situation now shapes up as follows: The action was for and the judgment was entered upon a breach of contract; the judgment is valid in the limited amount; there has been a due reduction thereof on the creditor’s motion; the court had jurisdiction. I hold, therefore, that the special appearance interposed by the Pauls should be vacated but only in prcesenti (cf. Civ. Prac. Act, § 237-a, subd. 3, par. [a]).
I come next to the question as to what is to be done with the motion in the second action — brought by the plaintiff Erba against Irving Trust and the Pauls for annulment of fraudulent transfers.
In connection with that motion the defendant Irving Trust urged that, if I held the judgment to be void, the plaintiff has no right to maintain the equity action against it because the plaintiff will then be a general creditor with a matured claim and that the action brought against Irving Trust and the Pauls can be maintained by a creditor only who has a judgment or an unmatured claim. That issue is now academic, so far as I am concerned. But I must express my disagreement with this argument. I go along with the plaintiff’s reliance upon American *191 Surety Co. v. Cornier (225 App. Div. 137, revd. on other grounds 251 N. Y. 1, 5-8) which, as I read it, sustains the plaintiff’s position that, as a creditor holding a matured claim, it is in just as good a position as a creditor holding an unmatured claim. And now, in view of my decision, the plaintiff can rely also upon the determination that the judgment is not wholly void, but that it is valid for and in the amount to which it was reduced.
The defendant Irving Trust says further that the plaintiff cannot maintain the action in the absence of an indispensable party, the defendants Paul. To be sure, the Pauls are indispensable parties, but they have been named party defendants. While the Pauls are not yet before the court in the equity action because the plaintiff may be required to serve the summons therein on them (nonresidents) by substitution or publication, the plaintiff still has its right at this time to preliminary protection to the extent of securing the relief presently sought by motion, and if, by virtue of ensuing circumstances, the defendant Irving Trust believes it is entitled to be relieved from the effects of an order against it, then would be time enough to consider the matter.
There remains one further problem for consideration, and that is the question as to what it is that Irving Trust will, pendente lite, be restrained from transferring. As a result of some suggestions that I made on the argument of these motions, the parties entered into two stipulations, upon which orders were entered as follows:
(1) In the proceedings supplementary to judgment: “ 1. That Irving Trust Company, the third party herein, be and it hereby is directed to hold pursuant to the third party subpoena herein dated the 28th day of August, 1959, the sum of $60,000 in lieu of twice the amount of the judgment entered herein by the judgment creditor against the judgment debtors on the 23rd day of May, 1958 and that the withholding of said sum of $60,000 shall in all respects be sufficient compliance with said third party subpoena and Section 781 of the Civil Practice Act.”
(2) In the equity action:
‘ ‘ 1. That paragraph 1 of the Order to Show Cause herein dated October 5th, 1959 (per Conxon, J.) be modified to read as follows:
‘ ‘ ‘ Enjoining, pendente lite, the defendant Irving Trust Company and its officers, agents and employees from transferring or in any wise disposing of or permitting the transfer or disposal of a sum equal to $190,000 belonging to the defendants Swraj Paul and Surrendra Paul, individually and doing business as Amin Chand Payare Lai, now held by or under the control of *192 the defendant Irving Trust Company, whether such property and assets are in the name or names of defendants Swraj Paul and Surrendra Paul, individually and doing business as Amin Chand Payare Lai, or in the name of the defendant “ John Doe ” ’;
“ 2. That the $190,000 referred to in paragraph 1 of this order shall include the $60,000 held by Irving Trust Company pursuant to the order of this Court dated the 30th day of October, 1959, in [the proceedings supplementary to judgment] so that the total amount which defendant Irving Trust Company is enjoined from transferring or otherwise disposing of either pursuant to this order or pursuant to the other said order dated the 30th day of October, 1959, is $190,000;
These stipulations were entered into and the orders thereon were made ‘ ‘ without prejudice to the rights of any of the parties herein with respect to the questions now pending before the court as well as to any other rights which any of the parties may hereinafter assert.”
Apart from these stipulations and orders, I hold that, by reason of what has occurred on the basis of the plaintiff’s choice, the plaintiff has become — by its own motion now, as well as by the notice it caused to be served at the very inception of these litigations — -restricted to a judgment of $50,000, plus interest and costs. The claim set forth by the plaintiff in the plenary equity suit is, it is true, in the full amount of $168,000. The only thing, however, that the plaintiff can protect by this suit or otherwise is the $50,000 claim, for the reason that the plaintiff, by bringing an action for breach of contract by the service of a summons with notice and asking for $50,000 has split its claim, and it can no longer ask for more (Pakas v. Hollingshead, 184 N. Y. 211).
Whether the plaintiff would have been in a better position in respect of the amount for which relief was requested in the second action had I held the judgment void, or had the plaintiff not moved to reduce the amount thereof, or were the plaintiff now to seek to vacate the judgment in its entirety, though valid in the reduced amount, I need not say. It may be that the plaintiff has irrevocably split its cause of action or it may not. This much I do hold — that, there being a judgment extant recovered on the basis of a breach of that contract, the plaintiff cannot now sue for, or base any injunctive action upon, a further claim for that same breach (Becker v. New Penn Development Corp., 271 App. Div. 280, affd. 297 N. Y. 497).
Settle order on each respective motion.