Benjamin Brenner, J.
Plaintiff Richard Crown seeks to remove an action to this court because of newly discovered *875 injuries for which he claims he cannot be compensated within the monetary jurisdiction of the City Court. Defendant, opposing, also cross-moves to vacate the plaintiff’s supplemental bill of particulars.
The defendant initially claims this motion to be procedurally defective in that it is made by a plaintiff in a nonexistent Supreme Court action. This may be so (Helfgott v. Tannen, 208 Misc. 335), and the application should have been made by way of petition, but the error is technical merely. In the interests of substantial justice the motion will be disposed of on the merits.
The defendant does not appear to question the seriousness of the presently claimed injuries, involving, as they do, a ruptured intervertebral disc which required surgical intervention and confinement to a hospital for 51 days. He does, however, question the causal connection of said injuries to the accident and appears to be contending that the court on this motion must determine the absence of such a causal connection. I disagree and believe that where there is, as here, prima facie evidence of such causal connection determination of its existence or nonexistence must be left to a plenary trial. (Hocherman v. I. & G. Serv. Corp., 5 A D 2d 813.) The affidavit of the physician, the hospital records, the workmen’s compensation reports and the bill of particulars in the lower courts all point to a back injury of some kind which, prima facie at least constitute prima facie evidence of causal connection.
By far the most serious objection to the transfer of the cause to this court is that the plaintiff has unreasonably delayed requesting that relief. Assuming that plaintiff was unaware of the seriousness of his injuries until after the surgical intervention, 18 months have elapsed since then, during 9 months of which the present substituted attorney delayed making this motion. An unreasonable delay following the discovery of serious injuries may be sufficient for a denial of the relief requested. (Matter of Rauch v. New York City Tr. Auth., 10 A D 2d 877; Matter of Goldstein v. Fass, 7 A D 2d 638.) Certainly, the inordinate delay here requires some explanation. Yet none is given though plaintiff has submitted three different affidavits and a memorandum of law. Thus, while the injuries warrant the removal of the cause to this court, unless and until some reasonable explanation for such delay is forthcoming, the motion must be denied with leave to renew. The cross motion is also denied as moot in view of the above.