Matthew M. Levy, J.
The defendant is a Delaware corporation doing business in this State, with an office and place of business in the Borough of Manhattan, City of New York. In the year 1960, the plaintiff instituted this suit in this court *608 to recover the sum of $6,324.90, with interest and costs. At the time when this action was commenced, the jurisdiction of the then City. Court of the" City of New York was limited to the sum of $6,000 and interest and costs. (N. Y. Const., art. VI, § 15.) Thereafter, that court’s monetary jurisdiction was increased to $10,000 exclusive of interest and costs (N. Y. Const, art. VI, § 15, as adopted Nov. 7, 1961, eff. Sept. 1, 1962) ; and that is the situation today in respect of the Civil Court of the City of New York, of which the City Court became an integral part by merger with the Municipal Court of the City of New York (N. Y. Const, art. VI, § 15, subds. a, b; § 35, subd. c; CCA, §§ 102, 202, 203, 205).
The plaintiff seeks, by this application, to remove the action to the Civil Court, stating that the motion is made pursuant to CPLR 325 (subds. [a], [c]). The defendant objects to the removal and urges that the statutes relied upon by the plaintiff are not authority for the granting of the relief requested. It may be that the defendant’s reading of CPLR 325 (subds. [a], [c]), specifying “Grounds for removal”, is a correct one if a strict construction be appropriate.
Subdivision (a) provides that: “Where a mistake was made in the choice of the court in which an action. is commenced, the supreme court, upon motion, may remove the action to the proper court, upon such terms as may be just.”
No “mistake”, as that term is generally used (it is presumably said by defendant) was made by the plaintiff in instituting its suit in the Supreme Court. On the other hand, it may be argued that the plaintiff did in fact make a “ mistake ” by not suing for $6,000 in the first instance, instead of $6,324.90, and thus it could have proceeded directly in the City Court.
Subdivision (c) states that: “Where it appears that the amount of damages sustained are less than demanded, and a lower court would have had jurisdiction of the action but for the amount of damages demanded, the court in which an action is pending may remove it to the lower court upon reduction of the amount of damages demanded to a sum within the jurisdictional limits of the lower court and upon consent of all parties to the action other than a defendant who has interposed no counterclaim and over whom the lower court would have had jurisdiction if the action had originally been commenced there ”.
The defendant has not interposed a counterclaim and, since it has an office for the transaction of business in New York City, and due service of process could have been effectuated therein, the City Court would have had jurisdiction over the *609 defendant if the action had originally been commenced there. (Cf. Friedman v. Strand, 203 Misc. 170.) But it might be urged by the defendant that it does not appear in the case at bar that the amount of damages is ‘ ‘ less ’ ’ than was demanded and there has been no ‘ ‘ reduction ’ ’ of the amount demanded, as required by the statute. On the other hand, it may be contended, on the plaintiff’s behalf, that the provisions for “less” damages and “reduction” thereof are merely directory and not mandatory.
In my opinion, a rigid interpretation is not called for in the instant circumstances. Indeed, CPLR 104 expressly enjoins the courts to see to it that the new statute 1 ‘ shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding ’ ’. There is no question, under existing calendar congestion in the Supreme Court, that the parties will obtain a just, a more speedy and a less expensive determination in the Civil Court.
Justices of the Civil Court are nowadays assigned to preside at the trial of cases in the Supreme Court. (N. Y. Const., art. VI, § 26, subd. g.) The jurors of the Civil Court are selected from the same panel (Judiciary Law, § 607). With the monetary jurisdiction of the Civil Court and the amount sued for here being what they are and the present state of the court calendars, here and there, also being what they are, I find no reason why I should abide or be bound by an inflexible as distinguished from a pragmatic application of the statute. (Cf. Helfgott v. Tannen, 208 Misc. 335, 337.) The plaintiff desires the transfer, and the defendant’s response is simply, without explanation or justification, that it “ does not consent to the granting of this motion”. The defendant’s objection is articulated without expression of any basis therefor. I hold that, under the Civil Practice Law and Rules, its consent for removal of the instant case there need not be; and no facts are presented by the defendant upon which the court may rely, as a matter of discretion, to deny the application.
But even were such consent to be deemed to be a condition precedent to the removal under the statute, I conclude, nevertheless, that the absence of such consent does not preclude the granting of the application. For, although the plaintiff has not raised the point, I believe that the Supreme Court is, under the Constitution of this State, not without adequate authority in proper circumstances to determine for itself the litigations it may wish to retain on its docket or to order the transfer of a proper case to an appropriate court,
*610 In my view, under article VI (§ 19, subd. a) of the New York State Constitution, effective September 1, 1962 (a new judiciary article), the Supreme Court is vested with power to transfer this action to the Civil Court, notwithstanding absence of consent or presence of objection (see 1 Weinstein-KornMiller, N. Y. Civ. Prac., pars. 325.04, 325.17),
This provision of the Constitution reads as follows: The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.”
. This is a self-executing grant of constitutional power. It is not dependent upon any legislative enactment for implementation. Indeed, that this is so is made doubly plain when we note in the next sentence of article VI (§ 19, subd. a) that it is only “ As may be provided by law, [that] the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice”. (Emphasis supplied.)
I find that the administration of justice will be promoted by the removal of this cause to the Civil Court, and I hold, too, that transfer may be ordered on the instant motion of the plaintiff, who, while citing only statutory provisions, should not be said thereby to have forsaken a relevant constitutional clause which I invoke mea sponte and deem to be relied upon by the plaintiff on the basis of its general prayer, contained in its notice of motion, ‘ ‘ for such other and further relief as this Court may deem just and proper.”
The motion is granted.