Richard J. Cardamons, J.
On August 15, 1968 the plaintiff, Robert E. Morse Jr., as Administrator of the Estate of Robert E. Morse Sr., commenced a replevin action in the Supreme Court to obtain possession of several items of personal property; consisting of a 1967 Ford three-quarter ton truck, Model 250, and a Catamaran boat and motor. On August 20, 1968 the Sheriff of Oneida County replevied these chattels. The plaintiff posted an undertaking in the amount of $6,400. The defendant, Stella Penzimer, had previously commenced an action in the Surrogate’s Court of Oneida County claiming title to these chattels on the ground that these items were owned by decedent Morse and defendant as partners at their partnership place of business. This action in the Surrogate’s Court was pending at the time plaintiff commenced his replevin action. On August 22, 1968 the defendant obtained a show cause order from the court (Hudson, J.) as to why the replevin action pending in the Supreme Court should not be transferred to the Surrogate’s Court. The order also stayed the Sheriff from disposing of the Ford truck and the boat and motor pending the determination of the motion. The plaintiff has moved to lift the stay so that the Sheriff can sell the chattels.
CPLR 325 (subd. [d]), as amended by chapter 961 of the Laws of 1966 (eff. Sept. 1,1967) provides: “ Where an action pending in the supreme court affects the administration of a decedent’s estate which is within the jurisdiction of the surrogate’s court, the supreme court, upon motion, may remove the action to such *158 surrogate’s court upon the prior order of the surrogate’s court. The right of jury trial shall be preserved in the subsequent proceedings.” Subdivision a of section 19 of article VI of the New York Constitution provides in part: “ The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.” Subdivision j of section 19 of article VI provides: “ Each court shall exercise jurisdiction over any action or proceeding transferred to it pursuant to. this section”. Unquestionably, SCPA 209 (subd. 4) grants the Surrogate’s Court the power to determine the plaintiff’s and defendant’s interests in these chattels. SCPA 209 (subd. 3) contains the following language, however, with regard to the transfer of a pending action: “ To transfer for trial in the surrogate’s court having jurisdiction any action or proceeding pending in any court other than the supreme court, which affects or relates to the administration of a decedent’s estate and to receive for trial any such action or proceeding pending in the supreme court which may by order of the latter court be transferred to the surrogate’s court on the prior order of that court ”,
CPLR 325 (subd. [d]) provides for the transfer: “ upon the prior order of the surrogate’s court.” The Constitution, however, in section 19 provides for the Supreme Court to transfer the action without any prior order of the transferee court, subdivisions a and j provide that the court to which the matter has been transferred “ shall exercise jurisdiction over any action or proceeding transferred to it pursuant to this section.” As was held in Frankel Assoc. v. Dun & Bradstreet (45 Misc 2d 607, 610 [Sup. Ct., New York County, 1965]) this provision of the Constitution is, “ a self-executing grant of constitutional power * * * not dependent upon any legislative enactment for implementation.” It is unfortunate that the Legislature in amending CPLR 325 (subd. [d]) used language inconsistent from the language contained in the amendments to the Constitution when treating the subject of transfer of cases (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, Supplementary Practice Commentary). The plaintiff has consented to the transfer of this case to the Surrogate’s Court. It is clear, however, that his consent is not necessary and that this transfer is expressly authorized by the New York Constitution (Art. VI, § 19, subds. a and j). (Wagner v. Wagner, 25 A D 2d 796, 797 [3d Dept., 1966].)
*159 The question remains, however, that while this action is still pending in this court, subject to a stay, and while the chattels in question have been replevied, whether the same may be disposed of by sale and the proceeds of the sale remitted to the Surrogate’s Court which has jurisdiction and the power to determine the respective rights of the parties to these items of personal property or the proceeds thereof.
CPLR 7109 provides for the granting of the temporary restraining order granted herein where the chattel is unique. Unique items may be heirlooms, works of art, patents and inventions, particular shares of stock with peculiar investment features and similar items. (Glick v. Beer, 263 App. Div. 599, 601 [1st Dept., 1942].) Certain historic Indian wampum belts were also considered in this category. (Onondaga Nation v. Thacher, 29 Misc. 428 [Sup. Ct. Onondaga County, 1899], affd. 53 App. Div. 561 [4th Dept., 1900], affd. 169 N. Y. 584 [1901].) Clearly, the Ford truck and the Catamaran boat and motor are not unique within these terms and, accordingly, the stay should be lifted permitting the Sheriff to conduct a sale of these items.
Plaintiff to submit an order providing for the sale of these chattels by the Sheriff of Oneida County following which this replevin action, including the proceeds derived from the sale, shall be transferred to the Surrogate’s Court of Oneida County for the determination of the rights of the plaintiff and defendant in connection with the proceeds. The bond presently posted by the plaintiff should be maintained pending the determination of the Surrogate’s Court.